**APACHE OIL COMPANY, INC. and Johnny L. Isbell, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 5–84.

Temporary Emergency Court of Appeals.

Nov. 22, 1982.

Judgment Entered Dec. 1, 1982.

Donald H. Grissom, Austin, Tex., on the brief for appellants.

Daniel K. Hedges, U.S. Atty., C.J. ("Neil") Calnan and Frank A. Conforti, Asst. U.S. Attys., Houston, Tex., on brief for appellee.

Before METZNER, BONSAL and WEIGEL, Judges.

PER CURIAM:

This appeal is from an order of the United States District Court for the Southern District of Texas, enforcing a subpoena issued by the Department of Energy (DOE) to Johnny L. Isbell and Apache Oil Company, Inc.

The first argument advanced by appellants is that the subpoena is invalid because it violated DOE's audit policy adopted June 22, 1978, 43 Fed.Reg. 27777. This contention was effectively rejected in a thorough discussion by Judge Becker in *United States v. Fitch Oil Co.*, 676 F.2d 673 (T.E.C.A. 1982).

Since the subpoena does not violate the audit policy, appellants' second claim that the audit policy was not legally withdrawn on May 13, 1982, is moot.

The third contention urged by appellants is that the review procedures (10 C.F.R. § 205.8(b)(4)) are violative of due process. This argument was likewise rejected by this court in the *Fitch Oil* case, *supra*.

Finally, the claim is made that the subpoena is defective because it does not furnish a reasonable basis for evaluating the relevancy of the requested documents to the investigation. The subpoena states that it is concerned with an audit of compliance by the appellants with the Mandatory Petroleum Price and Allocation Regulations relative to the purchases and sales of motor gasoline. The announced purpose is clear and unequivocal and the documents sought are obviously relevant to that investigation.

Affirmed.