**UNITED STATES of America and Burton E. Benner, Petitioners-Appellees,**

v.

**RFB PETROLEUM, INC., Respondent-Appellant.**

No. 5–90.

Temporary Emergency Court of Appeals.

Submitted on the Briefs.

Decided March 2, 1983.

Frank B. Davis, Houston, Tex., with whom Bruce R. Coulombe, Andrews & Kurth, Houston, Tex., was on the brief, for respondent-appellant.

James A. Rolfe, U.S. Atty., N.D. Tex., Dallas, Tex., with whom Paula Mastropieri-Billingsley, Asst. U.S. Atty., N.D. Tex., Dallas, Tex., was on the brief, for petitioners-appellees.

Before INGRAHAM, ESTES and POINTER, Judges.

PER CURIAM:

Appellant RFB Petroleum, Inc. ("RFB") appeals from the November 22, 1982, order of the United States District Court for the Northern District of Texas enforcing a Department of Energy ("DOE") subpoena issued to RFB on January 28, 1981. Because we find the arguments advanced by RFB to be without merit, we affirm the enforcement order of the District Court.

Appellant argues that 1) the United States did not present the evidence necessary to make its *prima facie* case; 2) the subpoena was improperly issued both because the DOE has an institutional commitment to refer the RFB investigation to the Department of Justice for criminal prosecution and because the subpoena was issued in response to Congressional influence; 3) the evidentiary hearing provided by the District Court was inadequate; 4) pre-hearing discovery should have been allowed the appellant; and 5) the DOE officials issuing the subpoena did not have authority to do so.

The United States filed a Petition to Enforce the subpoena issued to RFB on February 10, 1982 in the district court (R. 1) accompanied by a Declaration from the Team Leader of the Dallas Special Investigations Unit of the DOE's Economic Regulatory Administration. (R. 5) On February 11, 1982, the district court issued a Show Cause Order. (R. 43) On April 16, 1982, RFB moved for pre-hearing discovery. (R. 54) The request for discovery was denied by the magistrate on May 10, 1982 (R. 198) and, upon review by the district judge on July 20, 1982. (R. 260)

A Show Cause Hearing was held on October 29, 1982 (R. 262) at which the Team Leader of the RFB investigation and his successor testified. An order enforcing the subpoena was entered on November 22, 1982. (R. 1467) A notice of appeal was filed in this court on December 21, 1982.

■ "The only issues properly before a court in any subpoena enforcement proceedings are 'whether the subpoena was issued for a lawfully authorized purpose and whether it seeks information relevant to the agency's inquiry.'" *United States v. Pasco Petroleum Co., Inc.,* 633 F.2d 956, 959 (TECA 1980), *cert. denied,* 450 U.S. 995, 101 S.Ct. 1698, 68 L.Ed.2d 195 (1981), quoting *United States v. Southwest National Bank,* 598 F.2d 600 (Em.App.1979). The government made its *prima facie* case by submitting the petition and declaration attached thereto which plainly stated the lawfully authorized purpose and the relevancy of the documents sought to that purpose. (R. 1, 5) The subpoena in this case seeks information similar to those repeatedly upheld by this court as being issued pursuant to the same lawfully authorized purpose. *See United States v. Pel-Star Energy, Inc.,* 670 F.2d 1032, 1033 (Em.App.1982), and authorities cited therein. *See also, Apache Oil Co., Inc. v. United States,* 694 F.2d 714 (Em.App. 1982), *United States v. Ted True, Inc.,* 687 F.2d 491 (Em.App.1982), *United States v. LaJet, Inc.,* 685 F.2d 1378 (Em.App.1982), *United States v. Lotus Petroleum, Inc.,* 678 F.2d 1082 (Em.App.1982).

" 'Basically, the power to compel the production of the records of any organization . . . arises out of the inherent and necessary power of the federal and state governments to enforce their laws . . . .' *United States v. White*, 322 U.S. 694, at 701, 64 S.Ct. 1248, at 1252, 88 L.Ed. 1542, at 1547 (1944), quoted in *United States v. Empire Gas Corp.*, 547 F.2d 1147, at 1153 (Em.App.1976), *cert. denied*, 430 U.S. 915, 97 S.Ct. 1326, 51 L.Ed.2d 592 (1977)." *United States v. Fitch*, 676 F.2d 673, 679 (Em.App.1982).

■ The unrefuted testimony in the District Court established that the RFB investigation had not been referred to the Department of Justice ("DOJ") for criminal prosecution. (R. 364–365, 367–369) Before a referral to the DOJ has been made, an administrative subpoena is issued for the improper purpose of gathering information for a criminal case only if the issuing agency is found to have formed an institutional commitment to refer the case, with a concurrent abandonment of any civil purpose. *United States v. LaSalle National Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). Furthermore, "the question of institutional purpose is one of fact." *United States v. First National Bank of Atlanta*, 628 F.2d 871, 874 (5 Cir.1980). The District Court specifically found that no such institutional commitment to refer to the DOJ existed. (Order, Nov. 22, 1982, p. 2, Finding # 4—R. 1468) The record does not reflect that this finding was clearly erroneous. As Appellee points out, this subpoena seeks information necessary to complete the audit of RFB. Until the DOE has the opportunity to review the records of RFB, no decision on referral to the DOJ will be made. (Appellee's Brief, p. 16) [1] The Fifth Circuit has held that at the initial stages of an investigation and before referral to the DOJ, enforcement of an IRS subpoena is "virtually unassailable." *United States v. Harris*, 628 F.2d 875, 882 (5 Cir.1980), citing *United States v. Genser*, 595 F.2d 146, 151 (3 Cir. 1979), *cert. denied*, 444 U.S. 928, 100 S.Ct. 269, 62 L.Ed.2d 185.

Appellant cites *United States v. LaSalle National Bank, supra, United States v. Kis*, 658 F.2d 526 (7 Cir.1981); *United States v. Harris, supra*, and *United States v. Giant Industries*, CCH Energy Management ¶ 26,-324 (D.Ariz.1981) as holding that an administrative subpoena is invalid if there is an institutional commitment by the issuing agency to refer the case to the DOJ or if the agency unreasonably delays such a referral in order to gather further evidence for the prosecution.[2] While we hold that neither event has occurred in this case, we also note that *LaSalle*, which involved an Internal Revenue Service subpoena, held "those opposing enforcement of a summons do bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the Service." 437 U.S. at 316, 98 S.Ct. at 2367. See *United States v. Andrus Energy Corp.*, consolidated with *United States v. Robison Energy, Inc.*, 678 F.2d 1081 (Em.App.1982) and authorities cited therein.[3]

*United States v. Kis, supra*, similarly concludes that when no referral for criminal prosecution has been made and there is no finding that such a referral has been delayed, the taxpayer must show that the investigation sought has "no civil purpose whatsoever." 658 F.2d at 541, quoting

---

1. Whether or not Appellants have violated any of the regulations cannot be determined until RFB's records are reviewed. *United States v. Empire Gas Corp.*, 547 F.2d 1147, 1153 (Em. App.1976), *cert. denied*, 430 U.S. 915, 97 S.Ct. 1326, 51 L.Ed.2d 592 (1977).

2. *United States v. LaSalle National Bank, supra*, 437 U.S. 298, at 316–317, 98 S.Ct. 2357, at 2367–2368.

3. *United States v. Empire Gas Corp.*, 547 F.2d 1147 (Em.App.1976), *cert. denied*, 430 U.S. 915, 97 S.Ct. 1326, 51 L.Ed.2d 592 (1977); *United States v. Pasco Petroleum Co.*, 633 F.2d 956, 958–9 (Em.App.1980), *cert. denied*, 450 U.S. 995, 101 S.Ct. 1698, 68 L.Ed.2d 195 (1981); *United States v. Fitch*, 676 F.2d 673 (Em.App. 1982), *United States v. Pel-Star Energy, Inc.*, 670 F.2d 1032, 1033 (Em.App.1982), *United States v. Wickland*, 619 F.2d 75 (Em.App.1980), *United States v. First City National Bank of El Paso*, 598 F.2d 594 (Em.App.1979), *United States v. Southwest National Bank*, 598 F.2d 600 (Em.App.1979), *United States v. Bell*, 564 F.2d 953 (Em.App.1977).

*United States v. Moll,* 602 F.2d 134, 139 (7 Cir.1979). *United States v. Harris, supra,* another IRS subpoena enforcement case,[4] is similarly of no aid to the Appellant. After reviewing the requirements of *LaSalle,* the Court in *Harris* stated, "The heavy burden that the taxpayer had in establishing the sole criminal purpose before *LaSalle* is now even heavier. A taxpayer will rarely be able to prove a sole criminal purpose in cases like the instant case where the investigation has barely begun." 628 F.2d at 883.

*United States v. Giant, supra,* is the only DOE subpoena case relied on by Appellant to prove the sole criminal purpose of the DOE in the present investigation. In *Giant,* a criminal referral to the Department of Justice from the Department of Energy had been made for violations covering part of the same time period for which a DOE subpoena was later issued. The present situation is far different from that in *Giant,* and *Giant* is therefore inapplicable here.

We agree with the District Court that the Appellant did not prove that the sole purpose of the RFB investigation was to gather evidence for a criminal prosecution:

> "Unsupported allegations of bad faith and improper purpose are often made against regulatory agencies to hinder administrative investigations.... Such attempts to undermine the enforcement process should not be tolerated; allegations of bad faith and improper purpose must be buttressed with specific facts."

*United States v. Juren,* consolidated with *United States v. Cromey,* 687 F.2d 493, 494 (Em.App.1982).

■ Appellant also alleges that undue Congressional influence was brought to bear upon DOE officials urging them to investigate crude oil resellers such as RFB for violations of the Emergency Petroleum Allocation Act, 15 U.S.C. § 751, as amended. *Pillsbury v. FTC,* 354 F.2d 952 (5 Cir. 1966) relied on by Appellants is not applicable here.[5] The record before us contains hundreds of pages of evidence which supposedly illustrates the improper Congressional influence exerted on the DOE to issue a subpoena to the Appellant. RFB is mentioned only once in all of the documents submitted to illustrate the improper influence.[6] We conclude that Appellant has likewise not demonstrated by "specific facts"[7] that the subpoena was issued for an improper purpose because of Congressional influence.

Appellant next contends that the use of a summary enforcement proceeding is inappropriate in this case because the Emergency Petroleum Allocation Act, *supra,* as amended, and regulations promulgated thereto were repealed before the DOE began enforcement proceedings in this case,[8] and that therefore no present or future public interest requires the expedited enforcement provided by the District Court summary proceeding. (Appellant's Brief pp. 19–20)[9]

■ The public interest in "speedy resolution" of violations of the EPAA is not

---

**4.** We note that the holding in *LaSalle, supra,* was based largely upon the fact that in the IRS enforcement system, "criminal and civil elements are inherently intertwined," 437 U.S. at 309, 98 S.Ct. at 2363, making the IRS subpoena cases distinguishable from DOE subpoena enforcement cases. The enforcement of subpoenas under the EPAA is distinguished from enforcing those of other agencies in *United States v. Bell,* 564 F.2d 953, 959 (Em.App.1977).

**5.** In *Pillsbury,* the Chairman of the Federal Trade Commission was questioned at length about a specific case by a Congressional committee.

**6.** R. 283, 360–61.

**7.** *United States v. Juren, supra,* 687 F.2d at 494.

**8.** Executive Order 12287, 46 Fed.Reg. 9909 (Jan. 30, 1981) exempted crude oil from the mandatory price and allocation controls.

**9.** Appellant cites *United States v. Armada Petroleum Corp.,* Docket No. H–81–2023 (S.D. Tex. Aug. 20, 1982), in support of its position. The appeal of the stay order in *Armada* was recently decided in this court. (TECA Nos. 5–86 and 5–87, 700 F.2d 706 (Em.App.1983), decided January 26, 1983) We find the question to be decided and the facts in *Armada* to be so dissimilar to the present case as to be of no import here.

lessened because the Act itself is no longer in effect; rather, "speedy resolution" of any remaining questions of EPAA violations which may have occurred during regulation should be all the more in the public interest. *Bray v. United States,* 423 U.S. 73, 96 S.Ct. 307, 46 L.Ed.2d 215 (1975). DOE subpoena enforcement proceedings are summary in nature in accordance with

"the Congressional call for 'prompt action by the Executive Branch of the Government' in Section 2(a) of the Allocation Act in achieving a goal of the Act, i.e., 'equitable distribution of crude oil ... and petroleum products at equitable prices among all regions and areas of the United States and sectors of the petroleum industry ...' "

*United States v. Bell,* 564 F.2d 953, 959 (Em.App.1977), quoting Section 4(b)(1)(F) of the Emergency Petroleum Allocation Act, *supra.*

■ Appellant argues that the District Judge's denial of their request for pre-hearing discovery was error. We note that the decision of whether to allow such discovery is in the trial judge's discretion [10] and that once the government has met its burden of proof by showing the subpoenas were issued for a lawful purpose and that the information sought is relevant to that purpose,[11] Appellants must "meet the heavy burden of showing the extreme circumstances that would justify further inquiry into the propriety of the subpoenas." [12] We hold that this heavy burden has not been met.

■ Appellant's challenge to the authority of the issuing officer because he was not delegated authority to issue the subpoena is without merit. A delegation order identical in substance to one found in this record was approved in *United States v. Fitch,* 676 F.2d 673 (Em.App.1982) [13], where it was noted, "To narrowly view these orders as an ineffective delegation of the subpoena power ... would unnecessarily frustrate the efficient workings of the agencies in their efforts to achieve their statutory objectives." [14] Furthermore, we may take judicial notice of delegation orders published in the Economic Regulatory Administration Enforcement Manual establishing yet another independent chain of authority delegated to the issuing officer. *United States v. Bell, supra,* at 960.[15]

The subpoena in question is valid, seeks information relevant to a lawfully authorized purpose and was properly enforced. "The applicability of the regulations to [Appellant] cannot be determined until the information sought by subpoena is made available to the [DOE] investigators." *United States v. Empire Gas Corp., supra,* at 1153.

This appeal is frivolous and entirely without merit.

The order and judgment of the District Court appealed from is AFFIRMED, and this appeal is dismissed at Appellant's cost.

IT IS SO ORDERED.

---

**10.** *United States v. Harris, supra,* 628 F.2d at 880; *United States v. Juren, supra,* 687 F.2d at 494.

**11.** See footnote 3.

**12.** *United States v. Juren, supra,* 687 F.2d at 494.

**13.** Authority to issue subpoenas was delegated to all auditors and investigators by the District Manager of the Southwest District, Office of Enforcement of the Economic Regulatory Administration of the Department of Energy. An identical delegation order was approved in *Fitch, supra,* with the exception that it was issued by the District Manager for the Southeast District. See *United States v. Fitch, supra,* 676 F.2d at 678.

**14.** *United States v. Fitch, supra,* 676 F.2d at 678, citing *Fleming v. Mohawk Wrecking & Lumber Co.,* 331 U.S. 111, 67 S.Ct. 1129, 91 L.Ed. 1375 (1947).

**15.** The Record contains a delegation order from the Director of Program Operations, Office of Enforcement, Economic Regulatory Administration of the DOE to all auditors and investigators engaged in special investigations, authorizing them to issue subpoenas. (R. 17–18) Delegation orders to the Director of Program Operations may be traced to the Secretary of Energy by noting delegation orders published at ¶ 51,406 and ¶ 51,407 of the Economic Regulatory Administration Enforcement Manual. (R. 194–197)