**UNITED STATES of America,
Petitioner-Appellant,**

v.

**TEXAS ENERGY PETROLEUM CORP., Texas Energy Reserve Corp., Texas Energy Refining Corp., Texas Energy Fuels Corp., Texas Energy Investment Corp., Texas Energy Oil & Gas Corp., Commodities Reserve Corp., Respondents-Appellees,**

**Honorable Robert O'Conor, Jr., Respondent.**

**No. 5–97.**

Temporary Emergency Court of Appeals.

Argued Sept. 29, 1983.

Decided Oct. 11, 1983.

Kathryn Ferger, Dept. of Justice, Washington, D.C., with whom J. Paul McGrath, Asst. Atty. Gen., and Lawrence Moloney, Washington, D.C., were on the brief for the U.S.

A. Frank Koury, Fulbright & Jaworski, Houston, Tex., with whom Sim Lake and Steven E. Segal of the same firm, Houston, Tex., were on the brief for respondents-appellees.

Before ESTES, BECKER and DAUGHERTY, Judges.

ESTES and WILLIAM H. BECKER, Judges:

Appellant, United States of America, brought this action on June 29, 1982, as a Petition to Enforce seven Department of Energy (hereinafter "DOE") subpoenas, issued on May 26, 1981, as amended September 22, 1981, to Appellees, Texas Energy Petroleum Corp., Texas Energy Reserve Corp., Texas Energy Refining Corp., Texas Energy Fuels Corp., Texas Energy Investment Corp., Texas Energy Oil & Gas Corp., and Commodities Reserve Corp., all affiliated corporations (hereinafter "Texas Energy").[1]

---

1. The subpoenas were issued by the Department of Energy ("DOE") pursuant to statutory authority granted it by Section 5(a)(1) of the Emergency Petroleum Allocation Act, 15 U.S.C. § 754(a)(1); Section 13(e)(1) of the Federal Energy Administration Act, 15 U.S.C.

On August 5, 1983, Appellees Texas Energy filed a counterclaim to the Petition to Enforce asking that the government be ordered to turn over documents sought by Texas Energy pursuant to a Freedom of Information Act [2] (hereinafter "FOIA") request submitted on July 13, 1982.[3] On motion of Texas Energy, the court ordered that the depositions of three government officials be taken prior to the show cause hearing.[4] On January 12 and 13, 1983, the show cause hearing was held. At the conclusion of the government's presentation of its case, Judge O'Conor ruled that the subpoenas were enforceable,[5] but allowed Texas Energy to make an offer of proof as to its defenses to enforcement. Judge O'Conor also granted Texas Energy's request for a stay of the enforcement order at the show cause hearing.[6] On February 17, 1983, written orders were entered enforcing the subpoenas and granting Texas Energy a stay of enforcement to "expire upon resolution of [Texas Energy's] appellate remedies adverse to [Texas Energy], or upon the failure of [Texas Energy] to perfect their appeal." Record, Volume II at 360.

The United States filed a motion requesting the certification of the enforcement order of February 17, 1983, as a final appealable judgment under F.R.Civ.P. 54(b) and requesting that the stay on the subpoena enforcement order be revoked.[7] On June 6, 1983, Judge O'Conor denied the United States' motion to certify the enforcement order pursuant to Rule 54(b).[8]

The United States filed a Notice of Appeal in this court on July 6, 1983, followed by a Petition for Writ of Mandamus on July 22, 1983. Also before us are Texas Energy's Motion for Expedited Consideration and Motion to Dismiss the Appeal, or in the Alternative, for Summary Affirmance, both filed on July 18, 1983.

The issues presented by this appeal are:

1. Whether this court has jurisdiction to hear this appeal pursuant to the collateral order doctrine authorized by 28 U.S.C. § 1291 or pursuant to petition for mandamus, 28 U.S.C. § 1651.

2. Whether mandamus is proper in this case.

3. Whether the district judge's stay of the subpoena enforcement order must be vacated and a final appealable order entered enforcing the subpoenas.

4. Whether Texas Energy should be awarded double costs and reasonable attorneys' fees.

## JURISDICTION

The Supreme Court has stated that: "It is most true that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should." *Cohens v. Virginia,* 19 U.S. 264, 404, 5 L.Ed. 257, 291 (1821). We find this statement equally applicable to the case before us.

We have previously held that "[t]his Court, with the power of a circuit court of appeals over cases within its jurisdiction, has the power and duty, under the doctrine of the *Cohen* case, to hear appeals of final decisions determining separate important

§ 772(e)(1); and Sections 301(a) and 645 of the Department of Energy Organization Act, 42 U.S.C. §§ 7151(a), 7255.

2. 5 U.S.C. § 552.

3. Record at Vol. I, p. 127.

4. Record at Vol. II, p. 233. This order was amended on November 19, 1982, to provide instead that the DOE witnesses should be made available at the show cause hearing. Record at Vol. II, p. 339.

5. Record at Vol. III, Transcript of Show Cause Hearing of January 12, 1983, p. 97.

6. Record at Vol. III, Transcript of Show Cause Hearing of January 13, 1983, p. 74. Counsel for Texas Energy stated in his oral motion for a stay at the show cause hearing that the "entire case would be final and appealable" only upon resolution of the FOIA counterclaim. Judge O'Conor immediately granted the motion for stay. Record at Vol. III, Transcript of Show Cause Hearing of January 13, 1983.

7. Record at Vol. II, p. 352.

8. Record at Vol. II, p. 429.

collateral claims of right." *Marine Petroleum Co. v. Champlin Petroleum Co.,* 657 F.2d ·1231, 1239 (Em.App.1980); *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *Allied Paper Inc. v. United Gas Pipe Line Company,* 561 F.2d 821, 825 (Em.App.1977); and *Sun Oil Company of Pennsylvania v. FEA,* 572 F.2d 867, 871 (Em.App.1978).

■ Orders of the district courts may be the subject of immediate review if they "fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). In determining whether a particular order of a district court falls within the *Cohen* doctrine, the rule is to be given a "practical rather than a technical construction". *Id.* at 546, 69 S.Ct. at 1226; *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 375, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981). This court has concluded that a practical construction "requires that when a plaintiff's action is effectively dead, the order which killed it must be viewed as final. Effective death should be understood to comprehend any extended state of suspended animation." *Sun Oil Compay of Pennsylvania, supra,* 572 F.2d at 870, *quoting*

*Hines v. D'Artois,* 531 F.2d 726, 730 (5th Cir.1976).

## APPLICATION OF THE COHEN DOCTRINE TO THIS CASE

A. *Final Determination of a Claim of Right.*

■ We agree with Appellant United States that the effect of the district court's June 6 order denying Rule 54(b) certification while maintaining the stay of the enforcement order is to hold the subpoena enforcement order in a state of "suspended animation" while it remains "hostage" to the FOIA counterclaim filed by Texas Energy. See Appellant's Brief at 9–10. Recently, we reiterated our concern that subpoena enforcement actions such as this be expedited in accordance with the "Congressional call for 'prompt action by the Executive Branch'" in achieving the goals of the Emergency Petroleum Allocation Act, 15 U.S.C. § 751, as amended. *United States v. RFB Petroleum, Inc.,* 703 F.2d 528, 533 (Em.App.1983), *quoting United States v. Bell,* 564 F.2d 953, 959 (Em.App.1977), Section 211(b)(1) of the Economic Stabilization Act of 1970, as amended, 12 U.S.C. § 1904 note, and Section 4(b)(1)(F) of the Emergency Petroleum Allocation Act, *supra.* We have insisted on "speedy resolution"[9] of DOE subpoena enforcement cases time after time in our numerous opinions on this subject.[10] The right of the DOE to carry out its duty to promptly investigate suspected violations of its regulatory scheme has been denied. A later appeal by

---

9. *Bray v. U.S.,* 423 U.S. 73, 76, 96 S.Ct. 307, 309, 46 L.Ed.2d 215 (1975).

10. *U.S. v. Empire Gas Corp.,* 547 F.2d 1147 (Em.App.1976), *cert. denied,* 430 U.S. 915, 97 S.Ct. 1326, 51 L.Ed.2d 592 (1977); *U.S. v. Fredeman,* 547 F.2d 1156 (Em.App.1977), *cert. denied,* 431 U.S. 915, 97 S.Ct. 2176, 53 L.Ed.2d 225 (1977); *U.S. v. Pasco Petroleum Co., Inc.,* 633 F.2d 956 (Em.App.1980), *cert. denied,* 450 U.S. 995, 101 S.Ct. 1698, 68 L.Ed.2d 195 (1981); *U.S. v. Bell,* 564 F.2d 953 (Em.App.1977); *U.S. v. First City National Bank,* 598 F.2d 594 (Em. App.1979); *U.S. v. Southwest National Bank,* 598 F.2d 600 (Em.App.1979); *U.S. v. Wickland,* 619 F.2d 75 (Em.App.1980); *U.S. v. Pel-Star*

*Energy, Inc.,* 670 F.2d 1032 (Em.App.1982); *U.S. v. Fitch,* 676 F.2d 673 (Em.App.1982); *U.S. v. Andrus Energy Corp.,* 678 F.2d 1081 (Em. App.1982); *U.S. v. Lotus Petroleum,* 678 F.2d 1082 (Em.App.1982); *U.S. v. LaJet,* 685 F.2d 1378 (Em.App.1982); *U.S. v. Ted True, Inc.,* 687 F.2d 491 (Em.App.1982); *U.S. v. Juren,* 687 F.2d 493 (Em.App.1982); *Apache Oil Co., Inc. v. U.S.,* 694 F.2d 714 (Em.App.1982); *U.S. v. Armada Petroleum Corp.,* 700 F.2d 706 (Em. App.1983); *U.S. v. RFB Petroleum, Inc.,* 703 F.2d 528 (Em.App.1983); *U.S. v. Thriftyman, Inc.,* 704 F.2d 1240 (Em.App.1983); *U.S. v. Ferrell,* 717 F.2d 562 (Em.App.1983).

the DOE after final judgment on the FOIA counterclaim "could not provide a remedy" to the DOE which would replace its right to expeditious enforcement of these subpoenas. *Marine Petroleum Co. v. Champlin Petroleum Co.*, 657 F.2d 1231, 1241 (Em. App.1980).

B. *The Claim of Right Is Separable From and Collateral To, Rights Asserted in the Action, and Too Important To Be Denied Review.*

The subpoenas at issue in this case have already been held enforceable by the district court.[11] Therefore, the issues remaining in the district court relate to Texas Energy's FOIA counterclaim. The claimed right to expeditious enforcement of the subpoenas is clearly separable from and collateral to rights asserted by Texas Energy in its counterclaim. More importantly, we find that the "claimed right asserted by a major and critical agency of the United States government engaged in administration of a pervasive emergency legislative program vital to the national welfare is too important to be denied review." *Marine Petroleum, supra,* 657 F.2d at 1241. The Emergency Petroleum Allocation Act is no longer in effect; therefore, the public interest in final, just, inexpensive and "speedy resolution"[12] of potential violations of the regulations while in effect is compelling. *RFB Petroleum, supra,* 703 F.2d at 533.

C. *The Claim of Right Is Too Independent of the Cause Itself To Require that Appellate Consideration Be Deferred Until the Whole Case Is Adjudicated.*

This case presents an unusual situation in which it would be particularly unjust and unnecessary to require that appellate consideration of the United States' claim of right to expeditious enforcement of subpoenas already held enforceable be deferred until the FOIA counterclaim is decided. Appeal of the subpoena enforcement claim presents questions solely within the jurisdiction of this court. *United States v.*

*Empire Gas Corp.,* 547 F.2d 1147 (Em. App.1976), *cert. denied,* 430 U.S. 915, 97 S.Ct. 1326, 51 L.Ed.2d 592 (1977); *United States v. Wickland,* 619 F.2d 75, 78 (Em.App.1980). Appellate jurisdiction of the FOIA counterclaim would be within the jurisdiction of the Fifth Circuit Court of Appeals. The issues raised by the FOIA counterclaim appear only to involve the application of that statute; construction and application of the Emergency Petroleum Allocation Act, as amended, 15 U.S.C. § 751, *et seq.,* or the Economic Stabilization Act of 1970, as amended, 12 U.S.C. § 1904 note, will not be required. *See Texaco, Inc. v. Department of Energy,* 616 F.2d 1193 (Em.App.1979); *United States v. Wyatt,* 680 F.2d 1080 (5th Cir.1982); *United States v. Uni Oil, Inc.,* 646 F.2d 946, 949–950 (5th Cir.1981), *cert. denied,* 455 U.S. 908, 102 S.Ct. 1254, 71 L.Ed.2d 446 (1982); and cases cited therein.

Effective administration of justice will not be served by further deferring appellate consideration of the subpoena enforcement claim since any appeal of this case would be bifurcated. *United States v. Cooper,* 482 F.2d 1393 (Em.App.1973), cited in *Bray v. United States,* 423 U.S. 73, 96 S.Ct. 307, 46 L.Ed.2d 215 (1975). This fact, compounded with the realization that the United States would be unable to secure a remedy for its important right to expeditious subpoena enforcement in a delayed appeal, compels us to the conclusion that the subpoena enforcement order in its current state of "suspended animation" is an appealable final order under the *Cohen* doctrine which would be "effectively unreviewable" at a later date. *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.,* —— U.S. ——, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Marine Petroleum, supra,* 657 F.2d at 1241–1242; *MGPC, Inc. v. DOE,* 673 F.2d 1277, 1282 (Em.App.1982); *DOE v. Brimmer,* 673 F.2d 1287 (Em.App.1982).

### MANDAMUS

 If interlocutory review by appeal under the *Cohen* doctrine were not availa-

---

11. Record at Vol. II, p. 361. Order Enforcing Subpoenas entered February 17, 1983.

12. *Bray v. U.S., supra,* 423 U.S. at 76, 96 S.Ct. at 309.

ble, we would conclude that mandamus is proper in this case. This court has previously granted petitions for mandamus when necessary, while recognizing the extraordinary nature of the remedy. *See, MGPC, Inc. supra; Brimmer, supra; DOE v. Crocker,* 629 F.2d 1341 (Em.App.1980). This conclusion is based on our opinion that the district judge has arbitrarily and without reason prevented the DOE from investigating violations of the regulations when he was duty-bound to enforce the subpoenas. "[W]hen the district court impermissibly interferes with the legitimate operation of a federal administrative agency, the agency is entitled to the issuance of a writ of mandamus to halt the judicial usurpation of power." *MGPC, Inc., supra,* 673 F.2d at 1284, *quoting First Jersey Securities, Inc. v. Bergen,* 605 F.2d 690, 701 (3rd Cir.1979).

As we have repeatedly held, the only valid inquiries in a summary subpoena enforcement action are 1) whether the subpoenas were issued pursuant to a lawfully authorized purpose and 2) whether the subpoenas seek information relevant to that purpose. *Empire Gas Corp., supra; RFB Petroleum, Inc., supra,* and cases cited therein; *United States v. Ferrell,* 717 F.2d 562 (Em. App.1983).[13] The district judge found, and from our examination of the record we agree, that the subpoenas at issue in this case are valid and enforceable. Appellee Texas Energy asserts that action on the enforcement order must await the determination of its FOIA counterclaim because new information may be released in the FOIA search which would prompt the district judge to change his enforcement ruling.[14] In essence, Texas Energy hopes to establish an affirmative defense to the enforcement order with information it seeks through the FOIA. The indirect effect of

the district judge's stay of his subpoena enforcement order has been to allow Texas Energy further discovery through the FOIA.

While we express no opinion on the validity of the use of FOIA requests as a backdoor discovery method, we hold that Texas Energy has not made the "substantial preliminary showing of abuse, bad faith or illegal purpose"[15] required before Texas Energy would be entitled to any discovery in this proceeding, much less discovery that would suspend indefinitely a district court's subpoena enforcement order. The district judge had an opportunity to hear all of the testimony at the show cause hearing as well as examine voluminous pleadings and briefs of counsel. He concluded that the subpoenas were issued for a lawful purpose and that the information sought was relevant to that purpose. We hold this decision should be enforced promptly by separate final judgment without delay or stay. Subpoena enforcement proceedings, we have often stated, are *summary* in nature; no discovery by Texas Energy should slow the process unless "specific facts"[16] have been shown indicative of abuse, bad faith or illegal purpose. Since such a showing has not been made, we will not allow any further delay, hearing, evidence or proceeding in the enforcement of the subpoenas in question.

## CONCLUSION

Therefore, the motions and request for costs and attorneys' fees of Appellees Texas Energy are denied. Further, under the *Cohen* doctrine the appeal of the DOE is al-

---

**13.** *See also* authorities in Footnote 10.

**14.** *See* Appellee's Brief at 13. Indeed, counsel for Texas Energy twice informed the court of their belief that no appeal could be had in this case until the FOIA counterclaim was resolved. Record at Volume III, Tab C, p. 26, Koury: "Your Honor, we have a pending counterclaim that has to be disposed of until [sic] this case can have a final judgment."; Record at Volume III, Tab C, p. 74, Lake: "We would request that

the court as soon as possible rule . . . so that we may proceed to finally resolve the counterclaim so this entire case will be final and appealable." *See also* Appellee's Brief at 4.

**15.** *Thriftyman, Inc., supra* 704 F.2d at 1249.

**16.** *Juren, supra* 687 F.2d at 494.

lowed, and the orders of the district court staying the subpoena enforcement order and denying certification under Rule 54(b) are reversed, and the cause remanded with directions, promptly and without delay, hearing of further evidence or other proceeding, to enter a separate final judgment under Rule 54(b) enforcing the prior order of the district court for enforcement of the subpoenas in question. It is directed that the prior Order to Stay Judgment Pending Appeal be vacated.