The UNITED STATES of America,
Petitioner-Appellee,

v.

PHOENIX PETROLEUM COMPANY,
Respondent-Appellant.

No. 5–96.

Temporary Emergency Court of Appeals.

Argued Dec. 6, 1983.

Decided Jan. 27, 1984.

Bruce R. Coulombe, Andrews & Kurth, Houston, Tex. (James A. Dilworth, Houston, Tex., on brief), for respondent-appellant.

Frank A. Conforti, Asst. U.S. Atty., Houston, Tex. (Daniel K. Hedges, U.S. Atty., and C.J. Calnan, Asst. U.S. Atty., Houston, Tex., on brief), for the petitioner-appellee.

Before CHRISTENSEN, MacBRIDE and CRAIG, Judges.

PER CURIAM.

This is an action to enforce an administrative subpoena issued by the United States Department of Energy (DOE) in the course of its audit of appellant Phoenix Petroleum Company.

The latter's appeal from the order of the district court directing compliance with the subpoena presents the issues of whether (1) summary subpoena enforcement proceedings were unwarranted and inappropriate; (2) DOE lacked authority to issue the subpoena; (3) the issuing officer was authorized to do so; (4) the officer's affidavit and testimony made out a prima facie case before the district court; (5) the subpoena was issued for an improper purpose by reason of alleged congressional influence or DOE's institutional commitment to a criminal prosecution; (6) DOE already had the

subpoenaed documents and (7) Phoenix was entitled to discovery.

The well-considered opinion of District Judge Cire resolved against the contentions of appellant all of the issues presented here. *United States v. Phoenix Petroleum Company,* 571 F.Supp. 16 (S.D.Tex.1983). We affirm on the basis of that opinion.

■ There remains to consider in view of indications in the record that this appeal is frivolous and circumstances suggesting awareness on the part of appellant or its counsel that authoritative decisions of this court had fairly precluded their contentions, whether costs and attorneys' fees should be awarded pursuant to Rule 38, Fed.R.App.P.[1] and Rule 1 of the Rules of this court.[2] Counsel were invited to address the question during oral argument and did so,[3] although the government in its brief had only suggested the propriety of an award rather than moving that one be made.[4]

■ By an extended line of decision, culminating in *United States v. RFB Petroleum, Inc.,* 703 F.2d 528 (Em.App.1983), this court has consistently ruled in principal, and in some instances expressly, on every significant contention made by the appellant in this case. *RFB Petroleum* itself addressed most of the contentions here and expressly rejected them. Our latest published decision enumerates the many other cases in which we have exhaustively dealt with the subject. *United States v. Texas Energy Petroleum Corp.,* 719 F.2d 394, 397 n. 10 (Em.App.1983). The governing citations need not be reiterated now, much less frivolously multiplied.

It is notable that while the district court repeatedly cited *RFB Petroleum* in rejecting arguments made by appellant, neither the appellant's opening brief nor its reply brief in the present case so much as mentioned it. Of the some twenty cases which were cited in appellant's principal brief only two were from this court. The inference appellant sought to draw from the first was a distorted one;[5] the point appellant tried to make from the second was immaterial.[6]

---

1. Rule 38. Damages for Delay.
   If a court of appeals should determine that an appeal is frivolous it may award just damages and single or double costs to the appellee.

2. Rule 1. Scope of Rules.
   These Rules govern the procedure in the Temporary Emergency Court of Appeals of the United States. Except as to matters specifically covered by these Rules, the Federal Rules of Appellate Procedure shall govern the procedure in all cases or proceedings in this court. The Rules shall be construed to secure the just, speedy and inexpensive determination of every action.

3. Twenty days prior to the time set for hearing we ruled upon the Government's opposed motion to set the case on the summary calendar for disposition without oral argument as follows: "Motion ... denied. If other issues were thought to be subject to summary disposition as appellee contends, there is involved also the question whether the appeal is so frivolous as to warrant the award of costs and attorney's fees against appellant pursuant to Rule 38, Federal Rules of Appellate Procedure. As to this, also, appellant should have the opportunity to be heard at the time now set for oral argument ...."

4. An award of damages and double costs for frivolous appeals ordinarily is granted upon motion of an appellee, but such an award also may be made by the court *sua sponte,* since its purpose is not only to compensate a winner before the district court for expense and delay in defending against meritless arguments on appeal but to deter frivolous appeals and thus preserve the appellate court calendar for cases worthy of consideration. *Ruderer v. Fines,* 614 F.2d 1128, 1132 (7th Cir.1980).

5. Appellant's reference to *United States v. Armada Petroleum Corp.,* 700 F.2d 706 (Em.App. 1983), was buried in footnote 2 of its brief but appears to have been cited for the text proposition that "unlike the IRS or SEC, DOE has no on-going regulatory program to administer and no public interests to protect." We have repeatedly rejected the notion that the expiration of the Emergency Petroleum Allocation Act or the executive order decontrolling crude oil terminated the enforcement program out of which the present proceedings arose. *See e.g., RFB Petroleum, supra,* at 532–533; *United States v. Thriftyman,* 704 F.2d 1240, 1244 (Em.App. 1983); *United States v. LaJet, Inc.,* 685 F.2d 1378, 1381 (Em.App.1982).

6. *United States v. Fitch Oil Co.,* 676 F.2d 673 (Em.App.1982), *supra,* had been relied upon by the Government in support of its contention that the court could take judicial notice of delegation orders notwithstanding that one of them was undated. Appellant's reply with reference to the Government's reliance upon

Such an odd presentation cannot be excused by supposing that appellant's counsel were not acquainted with the controlling rulings of this court. *RFB Petroleum* cited many of those rulings, expressly rejected several of the contentions made here by appellant and negated in principal most of the others.

There we characterized the appeal as "frivolous and entirely without merit," but stayed our hand with respect to an award of attorneys' fees or double costs. Among the attorneys for the appellant in *RFB Petroleum* as listed on its brief and recounted in the published opinion were Bruce R. Coulombe and Andrews and Kurth of Houston, Texas, who are attorneys for the appellant in the present appeal.[7]

■ During the oral argument before us on December 6, 1983, counsel for appellant orally moved for leave to supplement the

record on appeal by copy of a Proposed Remedial Order and cover letter dated December 1, 1983, issued by DOE to Petrade International, Inc., which motion was denied. On December 22, 1983, following oral argument and submission of the case for decision, appellant filed a "Motion for Remand to Permit Consideration of Rule 60(b) Motion by District Court." As a basis for these motions appellant has asserted, without itself saying what the true fact is, that "DOE takes the position that Phoenix and Petrade are the same firm," and that the claimed institutional commitment to criminally prosecute Petrade is newly discovered evidence to warrant a new trial and relief by the district court from enforcement of the subpoena against Phoenix. This motion is denied. It adds nothing of substance to the record which was before the district court, or for the purpose of this appeal, and is itself frivolous.[8]

---

*Fitch,* shifted the emphasis to an unsigned order not essential to the otherwise established chain of authority. The claimed hiatus in the chain simply did not exist in the present case any more than in *Fitch Oil.*

**7.** The following chronology throws further light upon appellant's good faith: *RFB Petroleum* was decided by this court on March 2, 1983. On March 23, 1983, the district court filed its order and judgment in the case repeatedly citing *RFB Petroleum, Inc.,* then in slip opinion. Notice of appeal herein was filed April 22, 1983. This court granted appellant's motion for an extension until May 26, 1983, to file its brief, upon the representation of Mr. Coulombe that the press of litigation, including a Houston grand jury investigation of several crude oil resellers whom he represented, necessitated such extension. On June 23, 1983, the Government filed an unopposed motion for a stay of proceedings upon the representation that "counsel for appellant has initiated discussions with the Department of Energy regarding a settlement of this and other compliance matters," and we granted a 90-day stay. On July 1, 1983, the stay was dissolved because negotiations for settlement had broken down, and a briefing schedule was established. Appellant's opening brief entirely ignored our decision in *RFB Petroleum, Inc.* Appellee's answering brief repeatedly cited that case. In its reply brief appellant again avoided any reference to it.

**8.** Appellant did not contend before the district court, nor has it represented to us that Petrade was or is in fact the predecessor of Phoenix or otherwise involved in its business, but only that

it was "believed by DOE to be the predecessor to Phoenix," appellant's brief on appeal at 2, and that "DOE takes the position that Phoenix and Petrade are the same firm." Appellant's motion for remand at 2 n. 1. These ascriptions were based upon the cross-examination at trial by counsel for Phoenix of the issuer of the subpoena, in gist as follows:

Q. Isn't it true, Mr. Louthan, the Department of Energy takes the position that Phoenix and a company called Petrade are part of the same firm? A. I don't know the answer to that. I know I had some discussion with the counsel that was representing Phoenix prior to your firm being retained and there was some question whether Phoenix was the successor firm to Petrade.... Q. Well, if not you yourself are you aware of anyone else within the Department of Energy who takes the position that Petrade and Phoenix are the same firm? A. Well, not really. I have heard Mr. Jones refer to the fact—and I don't even recall what the circumstances are behind why it is that DOE might consider Phoenix to be the successor to Petrade. I have never really gotten that much into it. I mean, we were trying to do an audit to determine exactly what the facts are. We were trying to do an audit of Phoenix. Trial Tr. 00021–22 Jan. 17, 1983.

In its brief in the trial court Phoenix referred to the issuance of a Notice of Probable Violation to Petrade as early as April 1979. Trial Tr. 00887. The trial court ruled that evidence introduced at the hearing and in the record showed no institutional commitment by the DOE to refer the Phoenix investigation for criminal prosecution. Phoenix complained be-

In affirming the order and judgment of the district court in the present case, we hold that appellant's appeal was and is frivolous and wholly without merit. Double costs and $3,000 in attorneys' fees are hereby assessed [9] against Phoenix Petroleum Co. and the attorneys prosecuting this appeal on its behalf, jointly and severally, since the attorneys and their client are in the best position to determine who among them were responsible for causing the appeal to be taken and maintained, and in what degrees. *See United States v. Potamkin Cad-illac Corp.,* 689 F.2d 379 (2d Cir.1982); *McConnell v. Critchlow,* 661 F.2d 116 (9th Cir.1981); *Cummings v. United States,* 648 F.2d 289 (5th Cir.1981); *In Re Continental Investment Corp.,* 642 F.2d 1 (1st Cir.1981); *Lowe v. Willacy,* 239 F.2d 179, 16 Alaska 499 (9th Cir.1956). *Cf. Watson v. Callon Petroleum Co.,* 632 F.2d 646 (5th Cir.1980).

IT IS SO ORDERED.

cause "it took DOE over two and one-half years, until August, 1981, to conclude the audit [of Petrade] with an allegation (a Notice of Probable Violation, or 'NOPV') that Petrade may have violated the regulations." Appellant's brief at 3. That now sometime between the trial and the argument here the long standing NOPV has culminated in a reference to the Department of Justice and the issuance of a Proposed Remedial Order by DOE against Petrade furnishes no justification whatever for further delaying our decision on this appeal. The claimed "new" developments change in no meaningful sense the record that was before the trial court concerning any relationship between Phoenix and Petrade, nor do they tend to show an institutional commitment to refer Phoenix to the Department of Justice, much less an abandonment of any civil purpose with respect to the Phoenix subpoena. *See RFB Petroleum,* 703 F.2d at 531.

9. In this quantification we have had the benefit of affidavits filed on behalf of the respective parties concerning the expense of the government in resisting the appeal.