**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**MERIT PETROLEUM, INC.,
Respondent-Appellant.**

No. 5–99.

Temporary Emergency Court of Appeals.

Argued Dec. 14, 1983.
Decided March 30, 1984.

Charles W. Sorenson, Jr., Dept. of Justice, Washington, D.C., with whom J. Paul McGrath, Asst. Atty. Gen., Daniel K. Hedges, U.S. Atty., Houston, Tex., and Lawrence A.G. Moloney, Dept. of Justice, Washington, D.C., and Charles L. Cope, Dept. of Energy, Washington, D.C., of counsel, were on the brief, for the United States of America.

James R. Myers, Andrews & Kurth, Washington, D.C., with whom Bruce R. Coulombe, Washington, D.C., of the same firm, was on the brief for respondent-appellant, Merit Petroleum, Inc.

Before INGRAHAM, DAUGHERTY and BROWN, Judges.

WESLEY E. BROWN, Judge.

This is an action to enforce an administrative subpoena issued by the United States Department of Energy in August, 1981, in connection with an audit of Merit Petroleum which began in November, 1978. Merit appeals from an Order of the District Court entered on August 17, 1983, enforcing the subpoena upon a finding that Merit had "refused, without good cause, to produce records as required," by the 1981 subpoena.

In order to illustrate the nature of the delay which has occurred in this case, the Court will set out briefly the background of this appeal.

In November, 1978, a civil audit of Merit was commenced, upon notice to Merit, and with a request for records of purchases and sales of crude oil during the audit period of November 1, 1973, through October 31, 1978.

On January 28, 1981, a Notice of Probable Violation (NOPV) was issued by the DOE (Ex. 8, R. 26–56). This notice superseded a previous NOPV which had been issued on April 3, 1980.

On January 30, 1981, the President signed Executive Order No. 12287, 46 Fed. Reg. decontrolling crude oil and eliminating certain record-keeping and reporting requirements.

On August 31, 1981, the civil subpoena which is the subject matter of this case, was served on Merit Petroleum. It requested records for the period of November, 1978 through December, 1980. (Deft.Ex. 2, R. pp. 3–8). This subpoena was issued in connection with a DOE investigation into whether or not Merit had: "violated the provisions of the Mandatory Petroleum Price and Allocation Regulations (10 CFR, Part 210, 211, and 212) and Administrative Procedures and Sanctions (10 CFR, Part 205) with regard to purchases and sales of crude oil."

Merit refused to produce additional records, and on September 10, 1981, requested a Review of the subpoena under provisions of 10 CFR § 205.8(b)(4).

(Deft.Ex. 4, R. pp. 17–19). Alleged reasons for the subpoena's invalidity included some of the same grounds alleged in this appeal, that is, absence of authority in agent Louthan to issue the subpoena; unlawful issuance in view of Executive Order No. 12287, inconsistence with DOE enforcement policy, improper influences by Congressional Committee, issuance for improper purposes; and the claim that the documents requested were already within the possession of the DOE.

The request for Review was denied by implication due to the failure of the DOE to modify or rescind the subpoena within ten days after request. The subpoena therefore became effective on September 28, 1981. 10 CFR 205.8(b). (Jones, Letter of 9/18/81, R. 20).

In March, 1982, the first petition to enforce the subpoena was filed, and a Show Cause hearing was had on January 13, 1983. On that date, the government's petition was dismissed, without prejudice, apparently upon technical grounds. R. 1114, 796, 849.

Sometime in March or April, 1983, the DOE "Office of Special Investigations" referred Merit's audit to the Department of Justice for criminal investigation, and a Grand Jury was convened about that time. R. 1007, 1065–1068, R. 783, 1047–48. A Grand Jury subpoena was served upon Merit May 9, 1983 (R. 783), and Merit was advised that it was a target of the investigation. R. 783. No Indictment had been returned at time of appeal.

On May 17, 1983, the DOE obtained a second Show Cause Order to enforce the subpoena served in August, 1981. An evidentiary hearing was held on August 2nd, and on August 17, 1983, the District Court entered its Order enforcing the subpoena. This order is the subject matter of this appeal.

It should also be noted that in May, 1983, the DOE issued to Merit a "Proposed Remedial Order," which modified some allegations of the "Notice of Probable Violation" previously filed, adding new allegations

concerning violations of Subpart L pricing regulations during the period of November, 1978, through December, 1980. R. pp. 770–71, 1005, 1094–95, 10 CFR § 212.181.

In this appeal, Merit has raised three basic issues:

(a) Whether or not the district court erred in enforcing the subpoena; (b) whether or not the district court erred in denying discovery; and (c) whether the Emergency Petroleum Allocation Act and the Emergency Petroleum Conservation Act are unconstitutional under the Supreme Court's ruling in *I.N.S. v. Chadha*, —— U.S. ——, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983).

## VALIDITY OF THE SUBPOENA

■ As the first issue, Merit claims that the subpoena was invalid because the DOE lacked authority to issue such subpoena because of the presidential executive order deregulating crude oil prices, and because of the absence of any authority delegated to Mr. Louthan, the issuing agent. In addition, Merit claims that the DOE already possesses the requested documents, that its purpose in issuing the subpoena has already been "fulfilled," and that the subpoena was issued because of improper Congressional influence, and/or for the improper purpose of criminal prosecution.

The attempt to challenge DOE jurisdiction upon the basis of the presidential Executive Order is completely frivolous, in view of the EPAA savings clause, 15 U.S.C. § 760g,[1] and the decisions of this Court in *United States v. LaJet, Inc.*, 685 F.2d 1378, 1381 (TECA 1982); *United States v. Thriftyman, Inc.*, 704 F.2d 1240, 1244 (TECA 1983).

See also, *United States v. Armada Petroleum Corp.*, 562 F.Supp. 43, 48–49 (S.D. Tex.1982), *aff'd*, 700 F.2d 706 (TECA 1983),

where the district court rejected the same argument made by Merit's counsel, Andrews & Kurth.

Likewise, the challenge to the authority of Mr. Louthan, who issued the subpoena in this case, is without merit. Again, counsel for Merit, Andrews & Kurth, has previously, and unsuccessfully, contested the authority of Louthan and his supervisor, L.K. Jones. See *United States v. Armada Petroleum Corp., supra*, 562 F.Supp. at 49; *United States v. RFB Petroleum, Inc.*, 703 F.2d 528, at 533 (TECA 1983).

■ Merit's claim of improper Congressional influence is without merit. Such claim was essentially addressed and rejected by this Court in *United States v. RFB Petroleum, Inc., supra*, 703 F.2d at 532. The Court against notes that counsel for Merit, Bruce R. Coloumbe, of Andrews and Kurth, was also counsel of record for RFB Petroleum, Inc. The Court has compared the Merit brief on this issue, with the brief filed on behalf of RFB, which is of record here (R., pp. 935–945). Large portions of such briefs are identical. In view of the fact that a panel of this Court decided *RFB Petroleum* on March 2, 1983, and the Merit brief in this action was not filed until October 6, 1983, we find the failure of Merit's counsel to cite *United States v. RFB Petroleum*, to be completely reprehensible.[2]

■ Merit's contention that the subpoena is unenforceable in view of the issuance of the Notice of Probable Violation (NOPV), the issuance of the Proposed Remedial Order, presented in May, 1983, and the ongoing criminal investigation, is without merit.

All of these events occurred almost two years after the subpoena was issued, and they do not alter the civil purpose of the

1. 15 U.S.C. § 760g provides in pertinent part that:

(A)uthority to promulgate and amend any regulation or to issue any order under this chapter shall expire at midnight September 30, 1981, but such expiration shall not affect any action or pending proceedings, administrative, civil or criminal, not finally determined on such date, *nor any administrative, civil, or*

*criminal action or proceeding, whether or not pending, based upon any such committed or liability incurred prior to such expiration date.* (Emphasis supplied).

2. The *RFB* decision was not recognized by Merit's counsel until an attempt was made to distinguish it in the Reply Brief. See also fn. 4, *infra*.

subpoena, that is, an investigation into Merit's compliance with regulations. Even though the DOE has managed to make some factual determinations without the requested documents, the agency continues to have a legitimate interest in obtaining all records pertinent to its civil investigation. This issue was addressed directly by this Court in *United States v. Thriftyman, Inc., supra*, 704 F.2d at 1247, 1248, where the appellant argued that a NOPV demonstrated that the civil investigation was complete before subpoenas were ever issued:

> We conclude, however, that the issuance of the NOPV did not require a conclusion that the civil investigation by the DOE was complete and that the subpoenas were therefore issued solely for a criminal investigation ... And we find nothing in the statutes or regulations that requires the DOE to end its investigation for civil purposes when it issues a NOPV ....

> \*　　\*　　\*　　\*　　\*　　\*

Further, we note that the procedures concerning an administrative enforcement proceeding, including the issuance of a NOPV and the filing of a Motion for Discovery, do not limit the authority of the DOE to initiate judicial civil enforcement actions in coordination with the Department of Justice. 10 CFR § 205.190. Consequently, the commencement of an administrative enforcement proceeding does not necessarily demonstrate that civil investigations by the DOE are complete.

In *Securities and Exchange Comm'n v. Dresser Indus.*, 628 F.2d 1368 (D.C.Cir. 1980), *cert. denied*, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980), an *en banc* court determined that the general rule that an IRS summons could not be enforced once a case had been referred for criminal prosecution, did not apply in the context of an SEC subpoena, since, unlike the IRS Code, the SEC statutes had no provision terminating its authority upon referral. While this Court has refrained from reaching the issue of the applicability of *Dresser*

*Industries* to a DOE subpoena enforcement proceeding,[3] we now adopt the reasoning of *Dresser Industries*, and hold that since the DOE statutes have no provision comparable to the Internal Revenue Code which would terminate the agency's authority to pursue civil remedies following referral for criminal prosecution, a subpoena issued by DOE for civil investigation is valid, whether or not there is a parallel criminal investigation, absent special circumstances which provide "specific evidence of agency bad faith or malicious governmental tactics." See *Dresser Industries, supra*, 628 F.2d at 1375.

■ The mere existence of parallel ongoing civil and criminal investigations does not prevent the enforcement of the DOE subpoena in the circumstances of the present case, absent special circumstances which demonstrate prejudice to the substantial rights of Merit. There is no evidence of agency bad faith or malicious tactics. Agent Louthan testified that he had no contact with the Criminal Division of the Department of Justice concerning the Merit case, and that his employees were instructed "to keep a very definite line between the Grand Jury proceeding and the Department of Energy." (R. pp. 1008, 1067, 1052).

All of the evidence presented at the show cause hearing established a valid civil purpose in obtaining the subpoenaed records.

The subpoena should be enforced.

### RIGHT TO DISCOVERY

Merit claims that the District Court abused its discretion in denying discovery even though no specific facts which would indicate abuse, bad faith, or illegal purpose on the part of the agency were presented by Merit.

■ The granting or denial of discovery in a subpoena enforcement case is within the discretion of the district court. *United States v. Thriftyman, Inc., supra*, 704 F.2d at 1249; *United States v. RFB*

---

**3.** See *United States v. Thriftyman, Inc., supra*, 704 F.2d at 1246–47, n. 3.

*Petroleum, Inc., supra,* 703 F.2d at 533. Subpoena enforcement proceedings are not intended to be "'exhaustive inquisitions into the practices of regulatory agencies.'" *United States v. Thriftyman, supra,* 704 F.2d at 1249. This Court most recently discussed the importance of a "speedy resolution" of enforcement actions in *United States v. Texas Energy Petroleum Corp.,* 719 F.2d 394, 397, 398 (TECA 1983).

> Recently, we reiterated our concern that subpoena enforcement actions such as this be expedited in accordance with the 'congressional call for prompt action by the Executive Branch' achieving the goals of the Emergency Petroleum Allocation Act, 15 U.S.C. § 751, as amended....
>
> We have insisted on 'speedy resolution' of DOE subpoena enforcement cases time after time in our numerous opinions on this subject. The right of the DOE to carry out its duty to promptly investigate suspected violations of its regulatory scheme has been denied.... (in this case).
>
> *       *       *       *       *       *
>
> The Emergency Petroleum Allocation Act is no longer in effect; therefore the public interest in final, just, inexpensive and 'speedy resolution' of potential violations of the regulations while in effect is compelling .... (Footnotes omitted).

It is clear that Merit has failed to present specific facts sufficient to establish any substantial preliminary showing of bad faith or improper purpose which would justify any further delay in enforcement of 1981 subpoena. There was no error in denying discovery.

### CONSTITUTIONAL QUESTION

■ Relying on the Supreme Court's decision in *I.N.S. v. Chadha,* — U.S. —, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983), Merit, for the first time in this case, contends that the Emergency Petroleum Allocation Act and the Energy Policy and Conservation Act are unconstitutional in their entirety because they contain legislative veto provisions.

Merit's belated claim runs counter to established principles governing appellate review, and to this Court's explicit holding in *United States v. Empire Gas Corp.,* 547 F.2d 1147 (TECA 1976), *cert. denied,* 430 U.S. 915, 97 S.Ct. 1326, 51 L.Ed.2d 592 (1977).

In *Empire Gas,* the respondent resisted enforcement of a subpoena upon the ground that the regulations pertaining to crude oil were unconstitutional. At p. 1151 of 547 F.2d, a panel of this Court held that:

> ... appellants cannot resist enforcement of the subpoenas solely on the ground of alleged unconstitutionality of regulations which the appellees can not determine were violated until they have examined the subpoenaed information.
>
> *       *       *       *       *       *
>
> (A) Court need not determine that the regulatory scheme is valid and constitutional prior to issuing an order enforcing an agency subpoena.

It was pointed out that should it be determined that appellants violated certain regulations at a later time, the companies would have an opportunity to challenge the regulations, first in the administrative forum, and later, upon judicial review. 547 F.2d at 1153.

The appropriate procedural mechanism for Merit to raise its constitutional challenge to the petroleum acts is set out in Section 211(c) of the Economic Stabilization Act, set out at 12 U.S.C. § 1904, Note, which provides:

> (C) In any action commenced under this title in any district court of the United States in which the court determines that a substantial constitutional issue exists, the court shall certify such issue to the Temporary Emergency Court of Appeals. Upon such certification, the Temporary Emergency Court of Appeals shall determine the appropriate manner of disposition ....

The question of the constitutionality of the petroleum legislation may not be challenged on this appeal.

## RULE 38, FEDERAL RULES OF APPELLATE PROCEDURE

After Merit filed this appeal, the United States filed a Motion under Rule 26, General Rules of this Court, to affirm the Order of the District Court on the ground that the issues raised by Merit were "so insubstantial as not to merit recourse to the full appellate procedures" afforded by this forum. Merit opposed this Motion and we subsequently entered an Order to the effect that the Motion to Affirm was taken under advisement, with the Appeal. After our review of the briefs and records in this action, we are of the opinion, and so find, that the issues raised by Merit were and are completely without merit, and so insubstantial as to be frivolous. In the recent decision, *United States of America v. Phoenix Petroleum Company*, 727 F.2d 1579 (1984), another panel of this Court found the appeal to be of such a frivolous nature as to award double costs and attorneys' fees against Phoenix Petroleum Co., and the company's attorneys, Bruce R. Coulombe and James Dilworth, of Andrews & Kurth. With the exception of the constitutional question, which we have found to be improperly raised, the Phoenix Petroleum appeal raised questions generally identical to those raised in the Merit appeal, that is, whether the DOE lacked authority to issue the subpoena, whether the issuing officer was authorized to do so; whether the subpoena was issued for an improper purpose because of alleged Congressional influence or a commitment to a criminal prosecution; whether or not the DOE already had the subpoenaed documents, and whether Phoenix was entitled to discovery.[4]

In *Phoenix*, we pointed out that (p. 1580):

By an extended line of decision, culminating in *United States v. RFB Petroleum, Inc.*, 703 F.2d 528 ..., this court consistently ruled in principle, and in some instances expressly, on every significant contention made by the appellant in this case. *RFB Petroleum* itself addressed most of the contentions here and expressly rejected them. Our latest published decision enumerates the many other cases in which we have exhaustively dealt with the subject. *United States v. Texas Energy Petroleum Corp.*, 719 F.2d 394, 397, n. 10 .... The governing citations need not be reiterated now, much less frivolously multiplied.

Under Rule 38 of the Fed.R.App.P., and Rule 1 of the Rules of this Court, we are empowered to award just damages and single or double costs to the appellee if it be determined that an appeal is frivolous. (Notes 1, 2, p. 2, slip opinion, *Phoenix*.) Such an award is ordinarily granted upon motion of an appellee, but such an award also may be made by the Court *sua sponte*, in order to deter frivolous appeals and to protect the integrity of this Court. (Ibid., note 4, p. 1580).

In *United States v. RFB Petroleum, Inc.*, *supra*, 703 F.2d 528, 533, this Court found the appeal to be "frivolous and entirely without merit." (Frank B. Davis with Bruce R. Coulombe, Andrews & Kurth, for appellant).[5]

In this instant appeal, we have found that the issues raised on appeal by Merit were, and are, completely without merit, and so insubstantial as to be frivolous.

Under these circumstances the Court determines that it is appropriate to impose costs and attorneys' fees against Merit and its counsel in this appeal, in order to protect the integrity of the Temporary Emergency Court of Appeals.

Merit is aware of only one other subpoena enforcement case in which a Motion to Affirm was filed. *United States v. RFB Petroleum, Inc.*, 703 F.2d 528 (Temp.Emer.Ct.App.1983). This Court effectively denied the motion by refusing to rule on it and instead decided the case on the merits.

---

**4.** In *Phoenix*, there had been no referral to the Department of Justice. *United States v. Phoenix Petroleum Co.*, 571 F.Supp. 16, 20 (S.D.Tex. 1982).

**5.** In the brief opposing the government's Motion to Affirm, counsel for Merit was less than forthright when they characterized the *RFB Petroleum* case in this manner:

The Judgment and Order of the District Court enforcing the subpoena is AFFIRMED. In order to avoid further unconscionable delay, and in accordance with Rule 31 of the General Rules of this Court, it is ordered that the mandate affirming such Judgment and Order be issued forthwith.

IT IS FURTHER ORDERED that the United States of America present to this Court, in affidavit form, an itemized account of the costs and expense the government incurred in resisting this appeal, such affidavits to be filed within 30 days of the date of this opinion. Within 15 days thereafter, Merit Petroleum, and its counsel of record, shall present, in affidavit form, such evidence as they may have relating to, or in mitigation of, such expense. The Court will thereafter, by separate order, impose such sanctions as it may deem necessary under all of the circumstances which relate to this appeal.

IT IS SO ORDERED.