The UNITED STATES of America and Department of Energy Audit Director, James Louthan, Petitioners-Appellants and Cross-Appellees,

v.

ARMADA PETROLEUM CORPORATION and Anthony Wright, Respondents-Appellees and Cross-Appellants.

Nos. 5–86, 5–87.

Temporary Emergency Court of Appeals.

Argued Jan. 6, 1983.

Decided Jan. 26, 1983.

Judgment Entered Feb. 7, 1983.

Rehearing Denied March 30, 1983.

Arthur R. Goldberg, Atty., C.D., Dept. of Justice, Washington, D.C., with whom J. Paul McGrath, Asst. Atty. Gen., David J. Anderson and Lawrence A.G. Moloney, Attys., C.D., Dept. of Justice, Washington, D.C., were on brief for petitioners-appellants and cross-appellees.

Bruce R. Coulombe and Frank B. Davis, Andrews & Kurth, Houston, Tex., for respondents-appellees and cross-appellants.

Robert L. Weinberg, Williams & Connolly, Washington, D.C., with whom Robert P. Watkins, Kendra E. Heymann and Stuart L. Gasner, Washington, D.C., of the same firm were on brief, for amicus curiae, The Crude Co.

Before METZNER, BONSAL and LACEY, Judges.

METZNER, Judge.

The Department of Energy (DOE) appeals from an order deferring, until completion of criminal proceedings, a ruling on its petition to enforce a subpoena duces tecum directed to the respondents. Respondents, Armada Petroleum Corporation (Armada) and Anthony Wright, vice president of Armada (Wright), cross appeal from an order denying their motion for discovery. Wright was named as a respondent below because the subpoena was directed to him.

In 1978 the Office of Special Investigations (OSI) of DOE conducted an investigation of transactions involving Armada. OSI subsequently referred the matter to the Department of Justice, which obtained two indictments. On March 7, 1979, an indictment was filed charging UNI Oil, Inc. and several individual defendants, including James E. Fisher, an officer and director of UNI Oil, Inc., with conspiring to violate the price control provisions of the Emergency Petroleum Allocation Act (EPAA) for the period August 1975 to December 1977. 15 U.S.C. § 751, *et seq.* (1976). Fisher was also president and part owner of Armada. Armada was not, however, named as a defendant in this indictment, although it may be an unindicted co-conspirator.

A second indictment was filed on October 10, 1979, charging Armada, Fisher, and oth-

er individuals, with violating the price control provisions of EPAA covering the period August 1974 to June 1976. Wright is not a named defendant in this indictment.

Subsequently, OSI instituted a second investigation of Armada regarding transactions during the year 1978. As a result of this investigation, the matter was referred to the Department of Justice in 1980, and it is still pending in the Department.

OSI began a third investigation in April 1980 of transactions by Armada, but delayed referral to the Department of Justice pending the securing of more records.

In the fall of 1980 DOE decided to conduct an audit of Armada. On February 6, 1981, the subpoena involved in this litigation was issued in connection with the audit. The subpoena was for documents covering the period February 1976 through January 1981. Upon Armada's failure to produce the requested records, DOE, on August 12, 1981, filed a petition to enforce the subpoena.

The court below fully reviewed the issues raised and came to the conclusion that application of the reasoning of the court in *Securities and Exchange Commission v. Dresser Industries, Inc.*, 628 F.2d 1368 (D.C. Cir.), *cert. denied*, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980), called for staying of the subpoena enforcement proceeding until completion of the criminal proceedings. The only question before this court is whether the court below abused its discretion in staying the proceedings.

▪ At the outset we are met with an objection that the order is not appealable. We turn to the collateral order doctrine enunciated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In that case the Court held that an appeal may be taken when the order constitutes a final determination of a claim of right and the claimed right is too

independent of the case itself to require that appellate consideration be deferred until the whole case is adjudicated. This court in *Marine Petroleum v. Champlin Petroleum Co.*, 657 F.2d 1231, 1237–42 (Em. App.1980), held that the *Cohen* test was satisfied when the claim of right consisted of DOE's assertion of its right to be free of the burden of discovery. Therefore, the court found that the order denying the motion by DOE for judgment on the pleadings was appealable.

In this case the claimed right of DOE is to proceed with a civil investigation which parallels a criminal prosecution. *See United States v. Kordel*, 397 U.S. 1, 11, 90 S.Ct. 763, 769, 25 L.Ed.2d 1 (1970). The claimed right would be effectively unreviewable on appeal from the final judgment on the merits.[1]

We turn now to the substance of this appeal. In the *Dresser* case, *supra,* the court said:

"Other than where there is specific evidence of agency bad faith or malicious governmental tactics, the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case. If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it."

628 F.2d at 1375–76.

▪ In this case an indictment is pending against Armada. There is an overlap of

---

1. Because the court below deferred ruling on the enforceability of the subpoena, and it is only the stay itself which is appealable, it is clear that none of the issues raised by the cross-appellants as to the enforceability of the subpoena is currently reviewable. The order denying cross-appellants' motion for discovery,

issued in the course of the enforcement proceeding, is similarly not appealable. *See NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 238, 98 S.Ct. 2311, 2324, 57 L.Ed.2d 159 (1978), *see also* 9 Moore's FEDERAL PRACTICE ¶ 110.13[2] (2d ed.1981).

five months in the periods covered by the indictment and the subpoena. The documents sought outside the indictment period may conceivably be used in the criminal trial. The result would be the impermissible expansion of the government's right to pretrial discovery in the criminal prosecution. *United States v. LaSalle National Bank,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978).

Delay of the noncriminal proceeding will not seriously injure the public interest. *See United States v. Kordel,* 397 U.S. at 11–12, 90 S.Ct. at 769–770; *cf. United States v. Simon,* 373 F.2d 649 (2d Cir.), *vacated as moot sub nom. Simon v. Wharton,* 389 U.S. 425, 88 S.Ct. 577, 19 L.Ed.2d 653 (1967).

Price control of oil is no longer in effect, pursuant to the President's order of decontrol. Executive Order No. 12287, 46 Fed. Reg. 9909 (January 30, 1981).

With these considerations in mind, we find no abuse of discretion by the court below in deferring its ruling on the petition to enforce the subpoena.

Order affirmed.