UNITED STATES of America, Plaintiff,

v.

HUGO KEY AND SON, INC.,
Defendant.

Civ. A. No. 87–0214 P.

United States District Court,
D. Rhode Island.

Oct. 29, 1987.

Everett C. Sammartino, Asst. U.S. Atty., Providence, R.I., Linda C. Anderson, Environmental Enforcement Section, U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Mark Denehy, Providence, R.I., for defendant.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

Whereas in accordance with D.R.I.Loc.R. 12 and pursuant to Fed.R.Civ.P. 26(c) plaintiff has moved for a protective order staying civil proceedings until disposition of a current criminal investigation and any criminal proceedings that may result therefrom, and whereas defendant has objected to said motion, this court now considers and rules upon plaintiff's motion and defendant's objection to it.

## BACKGROUND

On April 20, 1987, the Environmental Enforcement Section of the Land and Natural Resources Division of the United States Department of Justice filed a complaint against defendant. On May 4, 1987, defendant filed an answer as well as interrogatories to plaintiff and a request for production. For the purpose of responding to defendant's discovery requests, counsel for the United States conducted a review of documents and held interviews with witnesses at the Newport Naval Base in the State of Rhode Island during the last week of May. Soon thereafter the Environmental Enforcement Section forwarded information culled from the documents and imparted by the witnesses to the Environmental Crimes Section of the Land and Natural Resources Division of the United States Department of Justice.

On May 27, 1987, this court entered a pre-trial order terminating the period for discovery on September 1, 1987. Five days later plaintiff filed responses to plaintiff's discovery requests. Taking steps to complete discovery by September 1, 1987, plaintiff noticed for depositions thirteen officials and employees of the United States Navy, its asbestos subcontractor ARCON, the Rhode Island Department of Environmental Management and the Environmental Protection Agency. While the Notices scheduled all of the depositions for dates between August 21 and August 28, defendant informed plaintiff that if plaintiff would agree to requesting an extension of the discovery period to October 1, 1987 and if the court granted this request, then defendant would reschedule the depositions to more convenient dates during the month of September. Plaintiff agreed and on August 6, 1987, this court granted their request.

At this time the Environmental Crimes Section of the Land and Natural Resources Division of the United States Department of Justice notified the Environmental Enforcement Section that they were initiating a criminal investigation of defendant. Counsel for the United States informed counsel for defendant of this development and asked counsel for defendant if he would agree to the present motion to stay. After some consideration of the matter defendant refused to agree and when plaintiff filed the present Motion, defendant objected.

## DISCUSSION AND RULING

There can be no doubt that this court has the power to stay proceedings. As the Supreme Court has noted in *Landis v. North Am. Co.*, 299 U.S. 248, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936), "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." It is clear, moreover, that this power is properly exercised when the ends of justice are threatened by the concurrent development of related criminal and civil proceedings. "Judicial

discretion and procedural flexibility should be utilized ... to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other." *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir.1962). "The very fact that there is a clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first." Id. The Supreme Court has observed that making such a determination "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 57 S.Ct. at 166. In particular, the myriad differences "between private interests in civil litigation and the public interest in a criminal prosecution, between a civil trial and a criminal trial, and between the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure ... *do not mean* that a civil action and a criminal action involving the same parties and some of the same issues are so unrelated that ... the trial judge in the civil proceeding should ignore the effect discovery would have on a criminal proceeding that is pending or *just about to be brought*." *Campbell v. Eastland*, 307 F.2d at 487 (emphasis added).

In the past, this court has recognized that "a stay of proceedings should be granted only where the need for the stay clearly outweighs the harm to the plaintiff." *Driver v. Helms*, 402 F.Supp. 683, 686 (D.R.I.1975). On the peculiar facts of this case, however, it is the defendant who objects to the stay. Accordingly, this court must determine whether the need for the stay clearly outweighs the harm to the defendant. While it is not the role of this court to speculate on the motives of defendant for objecting to a stay, it is clear that this court can take cognizance of only the legitimate interests of defendant that a stay might impair. Certainly, it cannot be controverted that every defendant has a strong interest in the expeditious determination of his civil liabilities. Nonetheless, this court cannot discern and defendant has not articulated any other interest that would be impaired.

In contrast, the plaintiff has presented many interests that would be threatened by the denial of a stay. The broad scope and liberal interpretation of the Federal Rules of Civil Procedure would undermine the traditionally narrow scope of discovery in a criminal action. It is obvious that counsel for the United States fears that such liberal discovery rules would expose the strategy of the prosecution and possibly result in defendant's perjury and manufacturing of evidence. Either of these results would harm an important governmental interest. Moreover, it cannot be doubted that the discovery of the identity of confidential government informants would provide an opportunity for the intimidation of prospective witnesses. This possible result would not only harm the interests of the United States in the present case, but might also discourage individuals from providing information to the government in the future. Finally, the liberal discovery policies of the Federal Rules of Civil Procedure, while permitting defendant broad scope would not be available to the government should defendant be charged and the corporate veil pierced because defendant could then assert his privilege against self-incrimination. This procedural asymmetry would offer the defendant the opportunity to surprise the prosecution at trial while withholding that same opportunity from the prosecution. See generally Developments in the Law—Discovery, 74 Harv.L.Rev. 940, 1052 (1961). Without doubt plaintiff has an interest in a fair and even procedure.

In addition to plaintiff's interests in staying the present civil proceedings, this court must observe now as it has previously that "[a]dministrative policy gives priority to the public interest in law enforcement" and that "a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims and liabilities." *Driver v. Helms*, 402 F.Supp. 683, 685 (D.R.I.1975) quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir.1962).

For the foregoing reasons this court is compelled to acknowledge the greater weight of plaintiff's interest in determining

the priority of the criminal action. Nor does it matter that the motion to stay was requested by the United States. As the Supreme Court has noted, [f]ederal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution, ... [citations omitted]; sometimes at the request of the defense, ... [citations omitted]." *United States v. Kordel*, 397 U.S. 1, 90 S.Ct. 763, 770 n. 27, 25 L.Ed.2d 1 (1970).

Nonetheless, this court does not consider defendant's interest in the prompt resolution of his civil liabilities a nullity. Defendant should not be subjected to the adjudicatory angst that would accompany an indefeasible delay. While any criminal proceedings that may result from the present criminal investigation would have a definite and final conclusion, a criminal investigation from which no indictment issued would not have a natural and necessary terminus sufficient to protect defendant's interest. Consequently, this court must set a date the arrival of which will defease the stay should no criminal indictment have resulted from the present investigation.

ACCORDINGLY, plaintiff's motion is GRANTED and the current civil proceedings are hereby stayed for a period of six months from the present date or if a criminal indictment results from the present criminal investigation during this period, until the conclusion of such criminal proceedings.

SO ORDERED.