UNITED STATES of America, Plaintiff,

v.

CERTAIN REAL PROPERTY AND PREMISES KNOWN AS 1344 RIDGE ROAD, LAUREL HOLLOW, SYOSSET, NEW YORK, et al., Defendants.

UNITED STATES of America, Plaintiff,

v.

CERTAIN FUNDS CONTAINED IN ACCOUNT NO. 542 334XX and the Contents of Safety Deposit Box No. 6628 Located at the Union Bank of Switzerland, et al., Defendants.

Nos. 88 Civ. 1783, 88 Civ. 1861.

United States District Court,
E.D. New York.

June 8, 1989.

Mark A. Summers, Hoffman & Pollok, New York City, for claimants Laura and Stuart Newton in No. 88 Civ. 1783.

Kase & Druker, Garden City, N.Y., for claimants Laura and Stuart Newton in No. 88 Civ. 1861.

Paul A. Scott, Madigan & Scott, Springfield, Va., for Hallmark Bank.

David T. Grudberg, Fischetti, Pomerantz & Russo, New York City, for Paul & Marjorie Newton.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

Appeals have been taken from two separate orders issued by Magistrate Jordan on October 13, 1988. For reasons stated below, the court denies the appeal brought by plaintiff United States of America ("the Government"), and grants the appeal brought by Stuart and Laura Newton.

### I. The Government's Appeal

█ The Government appeals from Magistrate Jordan's October 13, 1988 Decision and Order granting Kase & Drucker, Esqs. leave to intervene in No. 88 Civ. 1783 in order to assert an interest in defendant property and premises known as 5 Fort Salonga Road, Centerport, New York. Without citing any authority, the Government asserts that the motion to intervene was "dispositive," and that the Magistrate therefore exceeded his authority by decid-ing the motion himself (as permitted by Fed.R.Civ.P. 72(a) in the case of "non-dispositive" matters) instead of making a recommendation to this court as to how it should be decided (as required by Fed.R. Civ.P. 72(b) in the case of "dispositive" matters).

The Government's appeal is denied. The Government has not shown how the motion to intervene is "dispositive of a claim or defense of a party", and consequently, has not shown that the Magistrate exceeded his authority under Fed.R.Civ.P. 72(a). Thus, this court will not set aside the Magistrate's ruling as "clearly erroneous or contrary to law." *Id.* Of course, the intervenor's substantive claim is a "dispositive" pretrial matter and the Magistrate will be subject to the provisions of Fed.R.Civ.P. 72(b) when dealing with the merits of that claim. The court does not intimate any view as to the merits of the positions taken by the intervenor and the Government. The intervenor's motion for sanctions pursuant to Fed.R.Civ.P. 11 is denied.

### II. The Newton's Appeal

█ Stuart and Laura Newton appeal from Magistrate Jordan's October 13, 1988 order denying an enlargement of time to answer and a stay of discovery in the above-captioned forfeiture actions pending the outcome of criminal proceedings against them. The Newtons assert that, unless a stay is granted, they will be confronted with the Hobson's choice of answering the complaint and the Government's interrogatories, thereby waiving their Fifth Amendment right not to incriminate themselves and prejudicing the defense of criminal actions against them, or refusing under the Fifth Amendment to answer the complaint and interrogatories, in which case their property will be forfeited.

While some courts have held that there is no constitutional right to such a stay under such circumstances, *Afro–Lecon, Inc. v. United States*, 820 F.2d 1198, 1202 (Fed. Cir.1987); *Securities and Exchange Commission v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375 (D.C.Cir.), *cert. denied*, 449

U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980); *Arden Way Associates v. Boesky*, 660 F.Supp. 1494, 1496–97 (S.D.N.Y.1987); *Brock v. Tolkow*, 109 F.R.D. 116, 120–21 (E.D.N.Y.1985),[1] it is undisputed that a district court has the discretion to issue such a stay, upon consideration of the particular circumstances of the case. *See, e.g., Afro-Lecon, Inc.*, 820 F.2d at 1202; *Dresser Industries*, 628 F.2d at 1375; *United States v. U.S. Currency*, 626 F.2d 11, 17 (6th Cir.), *cert. denied*, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 290 (1980); *Iannelli v. Long*, 487 F.2d 317, 318–19 (3d Cir.), *cert. denied*, 414 U.S. 1040, 94 S.Ct. 541, 38 L.Ed.2d 330 (1973); *Arden Way Associates, supra; Tolkow, supra. See also United States v. Kordel*, 397 U.S. 1, 9, 12 & n. 27, 90 S.Ct. 763, 768, 769 & n. 27, 25 L.Ed.2d 1 (1970) (*dicta*). Its decision to do so is reviewable only for abuse of discretion. *United States v. Armada Petroleum Corp.*, 700 F.2d 706, 708 (Temp.Emer.Ct. App.1983); *Iannelli*, 487 F.2d at 319.

Reasons for granting such a stay were summarized by the court in *Tolkow*, 109 F.R.D. at 116:

> A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter ... and is even more appropriate when both actions are brought by the government.
>
>> The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case. If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it.

[*Dresser Industries*, 628 F.2d at 1376.]

After considering the particular circumstances of this case and the public interest involved, the court has decided to exercise its discretion to issue a stay, as hereinafter described, pursuant to Fed.R.Civ.P. 30(b). *See Kordel*, 397 U.S. at 9, 90 S.Ct. at 768. The Government has not shown that deferring the civil action will injure the public interest. *See U.S. Currency*, 626 F.2d at 17 (granting stay upon finding no strong interest in proceeding expeditiously in forfeiture action); *Tolkow*, 109 F.R.D. at 116 (granting stay where case did not "involve a tangible threat of immediate and serious harm to the public at large"); *Armada Petroleum Corp.*, 700 F.2d at 709 (granting stay where it would not "seriously injure" the public interest). This forfeiture action is not comparable in public importance to a civil enforcement action brought by a federal regulatory agency entrusted with the protection of consumers, investors, or other broad segments of the population, whose welfare could be jeopardized by deferral of the action. *Cf. Kordel*, 397 U.S. at 11, 90 S.Ct. at 769 (FDA need not defer civil proceedings pending outcome of criminal trial where "[t]he public interest in protecting consumers throughout the Nation from misbranded drugs requires prompt action by the agency charged with responsibility for the administration of the federal food and drug laws"); *Dresser Industries*, 628 F.2d at 1377 (denying stay of civil action pending outcome of grand jury investigation where it would have permitted "[d]issemination of false or misleading information by companies to members of the investing public"); *Securities and Exchange Commission v. Gilbert*, 79 F.R.D. 683, 686 (S.D.N.Y.1978) (curtailment of civil action "indefensible" where brought by "a federal agency ... specifically charged to protect the public through civil enforcement actions").[2]

---

1. *But see United States v. U.S. Currency*, 626 F.2d 11, 14–15 (6th Cir.), *cert. denied*, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 290 (1980) (citing cases for proposition that it is unconstitutional to require a party to surrender one constitutional right in order to assert another); *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084,

1087–88 (5th Cir.1979) (same); *Securities and Exchange Commission v. Gilbert*, 79 F.R.D. 683, 685 (S.D.N.Y.1978) (unconstitutional to condition the right to remain silent upon the imposition of coercive sanctions).

2. Some courts have held that parallel civil and criminal proceedings do not raise Fifth Amend-

The Government argues that the proper way to assert a Fifth Amendment privilege under these circumstances is to move for a protective order under Fed.R.Civ.P. 26 in response to specific discovery demands. However, a very recent Second Circuit opinion held that a district court could not force a non-consenting witness to answer potentially incriminating questions in reliance upon such an order. *Andover Data Services v. Statistical Tabulating Corp.*, 876 F.2d 1080, 1084 (2d Cir.1989). The Court of Appeals noted that there is no guarantee that compelled testimony will not "somehow find its way into the government's hands for use in a subsequent criminal prosecution," and that there was also a risk of the protective order being overturned or modified. *Id.* at 1083. Also, the court found it "highly unlikely that all proceedings in this case could remain sufficiently closed to prevent inadvertent disclosure or leakage[.]" *Id.* Thus, the Second Circuit has specifically disapproved the very means by which the Government proposes to protect the Newtons' Fifth Amendment rights in this litigation.

The Government asserts that, even assuming Stuart Newton is entitled to a stay, Laura Newton is not, since she has not been indicted. However, the Fifth Amendment privilege "operates where the information sought to be extracted presents 'a realistic threat of incrimination' ... as distinguished from 'a mere imaginary possibility.'" *United States v. U.S. Currency*, 626 F.2d at 14 (citation omitted). Thus, "it is only when there is but a fanciful possibility of prosecution that a claim of fifth amendment privilege is not well-taken." *Id.* (citation omitted). *Accord Wehling v. Columbia Broadcasting System*, 608 F.2d 1084, 1087 n. 5 (5th Cir.1979) (party who "reasonably apprehends a risk of self-incrimination" can claim Fifth Amendment privilege even where "the risk of prosecution is remote"); *Andover Data Services, supra*, 876 F.2d at 1081–82 (Fifth Amendment privilege can be invoked whenever witness reasonably believes his testimony could be used in a criminal proceeding or could lead to other evidence that might be so used); *Tolkow*, 109 F.R.D. at 119 n. 2.[3] The possibility that Laura Newton might be forced to incriminate herself in responding to this forfeiture action strikes the court as being neither "fanciful" nor "imaginary." Accordingly, the stay will apply to Laura Newton as well as to Stuart Newton.

"While a stay ... may cause some inconvenience and delay to the [government], 'protection of defendant[s'] constitutional rights against self-incrimination is the more important consideration.'" *Tolkow*, 109 F.R.D. at 116 (citations omitted) (alterations in original). Moreover, the Government can always move to vacate the stay if a change in circumstances makes this appropriate. *Id.; Arden Way Associates*, 660 F.Supp. at 1500 (court may re-evaluate deferral of civil discovery "if and when the balance of burdens, and private and public interests so requires").[4]

The court therefore reverses the Magistrate's October 13, 1988 ruling denying

---

ment or fairness concerns unless the Government improperly brings the civil action in order to gather evidence for the criminal action. *See, e.g., In re Grand Jury Subpoena*, 836 F.2d 1468, 1472 n. 6 (4th Cir.), *cert. denied*, 487 U.S. 1240, 108 S.Ct. 2914, 101 L.Ed.2d 945 (1988); *United States v. Renda*, 669 F.Supp. 1544 (D.Kan.1987). The court sees no reason to limit its discretion to enter a stay to those exceedingly rare instances where the party seeking the stay can prove the Government's bad faith or improper motive.

**3.** *But see Securities and Exchange Commission v. First Jersey Securities, Inc.*, No. 85 Civ. 8585, 1987 WL 8655 (S.D.N.Y. March 26, 1987) (1987 U.S. Dist. LEXIS 10157) (denying stay in part because parties seeking it were not yet indicted);

*Securities and Exchange Commission v. United Brands Co.*, 21 Fed.R.Serv.2d (Callaghan) 69, 1975 WL 434 (S.D.N.Y.1975) (same; denying motion to quash deposition subpoena duces tecum).

**4.** The court notes that a stay such as this one sometimes can benefit the government by preventing a criminal defendant from "broadening his rights of criminal discovery against the government." *Dresser Industries*, 628 F.2d at 1376; *United States v. Hugo Key and Son, Inc.*, 672 F.Supp. 656 (D.R.I.1987). *See also Kordel*, 397 U.S. at 12 n. 27, 90 S.Ct. at 770 n. 27 (citing cases in which courts granted *prosecutor's* request to defer civil proceedings pending outcome of parallel criminal prosecution).

claimants' motion for an enlargement of time to answer and a stay of discovery. The court orders that the Newtons' time to answer the complaint and to respond to all discovery requests in the above-captioned forfeiture actions is stayed until the later of the following two dates: (1) the date that the statute of limitations has run on every federal or state crime for which the Newtons could be indicted based upon the alleged illegal conduct giving rise to the above-captioned forfeiture actions, or (2) the date that all proceedings are completed which arise from indictments that have already been filed or are filed subsequent to the date of this order against the Newtons based upon the alleged illegal conduct giving rise to the above-captioned forfeiture actions. *See U.S. Currency*, 626 F.2d at 17 (citing with approval cases employing similar remedies).

SO ORDERED.