## In re PAR PHARMACEUTICAL, INC. SECURITIES LITIGATION.

### Master File No. 88 Civ. 8154 (RPP).

United States District Court, S.D. New York.

Oct. 31, 1990.

---

Garwin, Bronzaft, Gerstein & Fisher, New York City by Bruce E. Gerstein, for plaintiffs.

Wiley, Rein & Fielding, Washington, D.C. by Walter Andrews, for Ashok Patel.

Lowenstein, Sandler, Kohl, Fisher & Boylan, Roseland, N.J. by Gerald Krovatin, for R.K. Patel.

Zuckerman, Spaeder, Goldstein, Taylor & Kolker, Washington, D.C. by Deborah J. Jeffrey, for Dilip Shah.

Solin & Breindel, New York City by Kenneth Schacter, for defendants Par Pharmaceutical and Quad Pharmaceutical.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

The facts underlying this class action are fully set forth in this Court's earlier opinion, *In re Par Pharmaceutical Sec. Litig.*, 733 F.Supp. 668 (S.D.N.Y.1990). Defendants Ashok Patel, R.K. Patel and Dilip

Shah now move for a limited stay of the proceedings and for an order staying discovery. The basis for defendants' motions is that each is the target of an ongoing criminal investigation and, absent a stay, they will be forced to choose between waiving the Fifth Amendment privilege, risking self-incrimination, and invoking it, risking adverse inferences and inhibiting their ability to defend the instant action. For the reasons set forth below, defendants' motions are denied.

Granting a stay of a civil proceeding when there exists a pending parallel criminal investigation is appropriate when justice so requires. *United States v. Kordel*, 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 770 n. 27, 25 L.Ed.2d 1 (1970). The civil action, if not stayed, might undermine the party's Fifth Amendment privilege against self-incrimination, expand the rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of trial or otherwise prejudice the case. *See S.E.C. v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C.Cir.), *cert. denied*, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980).

A total stay of civil discovery pending the outcome of related criminal proceedings, however, is an extraordinary remedy. *Weil v. Markowitz*, 829 F.2d 166, 174 n. 17 (D.C.Cir.1987). The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment, *see United States v. Certain Real Property*, 751 F.Supp. 1060 (E.D.N.Y.1989) (LEXIS, Genfed library, Dist File) (granting stay where one of two moving defendants had been indicted)[1]; *Clark v. United States*, 481 F.Supp. 1086, 1097 n. 11 & 1099–1100 (S.D.N.Y.1979) (civil action stayed where at least one of three moving defendants had been indicted); *Corbin v. Federal Deposit*

1. Defendants cite *Certain Real Property* for the proposition that a stay will issue prior to indictment. However, the opinion contrasts the undicted defendant, Laura Newton, with the other moving defendant, Stuart Newton, in such a way as to indicate that Stuart Newton was entitled to a stay because he had been indicted.

**14**

*Ins. Corp.,* 74 F.R.D. 147 (E.D.N.Y.1977); *Dienstag v. Bronsen,* 49 F.R.D. 327 (S.D. N.Y.1970); but will deny a stay of the civil proceeding where no indictment has issued, *see S.E.C. v. First Jersey Sec. Inc.,* Fed. Sec.L.Rep. (CCH) ¶ 93,204, 1987 WL 8655 (S.D.N.Y. March 26, 1987).[2]

Ashok Patel, R.K. Patel and Dilip Shah are allegedly targets of continuing grand jury investigations conducted by the United States Attorney for the District of Maryland. Krulwich Aff. ¶ 3–4; Hardin Aff. ¶ 4; Salky Aff. ¶ 5. No indictments, however, have yet issued as a result of these investigations. The weight of authority thus counsels against granting a stay as to these defendants.

A few courts in this Circuit have stayed civil proceedings prior to the return of indictments in parallel criminal actions. *See, e.g., Kashi v. Gratsos,* 790 F.2d 1050 (2d Cir.1986).[3] A pre-indictment stay is particularly appropriate where both the civil and criminal charges arise from the same remedial statute such that the criminal investigation is likely to vindicate the same public interest as would the civil suit. *See Brock v. Tolkow,* 109 F.R.D. 116 (E.D.N.Y.1985) (civil and criminal ERISA violations). In this case, however, the criminal investigations involve misconduct before the Food and Drug Administration while the civil action essentially involves the federal securities laws. Because it cannot be said that the two actions will vindicate the same or substantially the same public interest, a pre-indictment stay does not appear warranted in this action.

**2.** Defendants rely on language by Judge Haight in *United States v. Marcus Schloss & Co.,* 724 F.Supp. 1123, 1127 (S.D.N.Y.1989) that:

[u]nder the common practice in this circuit, MS & Co. could have obtained a stay of the civil action (including discovery) pending the criminal trial.

This language, however, is dicta since *Marcus Schloss* did not involve a request for a stay but rather a double jeopardy challenge to a civil penalty. The statement carries no weight since corporate defendants such as Marcus Schloss & Co. have no Fifth Amendment privilege against self-incrimination to assert in support of a motion to stay. *See S.E.C. v. First Jersey Sec. Inc.,*

Accordingly, defendants' motion for a limited stay of proceedings and for an order staying discovery are denied.

SO ORDERED.

Fed.Sec.L.Rep. (CCH) ¶ 93,204 (S.D.N.Y. March 26, 1987).

**3.** Although the district court in *Kashi* had granted a pre-indictment stay of the civil action until the U.S. Attorney announced that it had declined prosecution, the issue on appeal was whether it was an abuse of discretion not to grant a longer stay until such time as the statute of limitations for the offenses investigated had run. The Second Circuit declined to find an abuse of discretion. *Id.* at 1057. The Second Circuit's holding in *Kashi* thus addresses the permissible length of a stay rather than the appropriateness of granting a stay in the first place.