Rosa **HICKS,** as Administratix of the Estate of Gwendulina Brodie, Deceased and Olivia Maryann Brodie, by her guardian, Rosa Hicks, Plaintiffs,

v.

The **CITY OF NEW YORK,** Ezra Leslie, individually and in his official capacity as a New York City Police Officer, The County of Suffolk and Patrick Leslie, individually and in his official capacity as a Suffolk County Police Officer, "John Does" Police Officers and non-uniformed employees, of the New York City Police Department, Defendants.

No. CV 02–5215(ADS)(ETB).

United States District Court,
E.D. New York.

June 21, 2003.

The Cochran Firm, by Derek S. Sells, Of Counsel, New York City, for Plaintiffs.

Michael A. Cardozo, Corporation Counsel of The City of New York, by Caryn A. Rosencrantz, Assistant Corporation Counsel, for City of New York.

Suffolk County Attorney's Office, by Richard T. Dunne, Assistant County Attorney, Hauppauge, NY, for County of Suffolk.

James J. O'Rourke & Associates, by James J. O'Rourke, of Counsel, Hauppauge, NY, for Patrick Leslie.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This action arises out of the shooting death of Gwendulina Brodie ("Brodie"), a New York City Police Sergeant, by Ezra Leslie ("Leslie"), a New York City Police Officer.

## I. BACKGROUND

On September 20, 2001, while allegedly under the influence of alcohol and drugs, Leslie entered into Brodie's home and shot her multiple times in front of her infant daughter the plaintiff Olivia Maryann Brodie. That same day, Leslie was arrested by the Suffolk County Police for the murder of Brodie. Leslie was indicted by a Suffolk County Grand Jury for two counts of murder in the second degree. According to the docket sheet of the Suffolk County Criminal Court, Leslie's criminal trial was scheduled to start on February 4, 2003.

On September 26, 2002, Rosa Hicks, on behalf of Brodie and Olivia Maryann Brodie (the "plaintiffs") commenced this action pursuant to 42 U.S.C. § 1983 against the City of New York ("City"), County of Suffolk, Leslie, and Patrick Leslie (collectively, the "defendants") alleging that the defendants violated the plaintiffs' civil rights. The plaintiffs claim that, among other things, the defendants negligently hired, trained, and monitored Leslie. Presently before the Court is a motion by the City to stay this action pending the resolution of the related criminal matter against Leslie.

## II. DISCUSSION

 It is well established that district courts have discretionary authority to stay a case when the interests of justice so require. *See United States v. Kordel,* 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 770 n. 27, 25 L.Ed.2d 1, 12, n. 27 (1970); *Kashi v. Gratsos,* 790 F.2d 1050, 1057 (2d Cir.1986) (citing *SEC v. Dresser Indus., Inc.,* 628 F.2d 1368, 1375 (D.C.Cir.1980) (*en banc*), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980)). Courts may decide to stay civil proceedings, postpone civil discovery, or impose protective orders. *Dresser,* 628 F.2d at 1375. A stay of a civil case is an extraordinary remedy. *Jackson v. Johnson,* 985 F.Supp. 422, 424 (S.D.N.Y.1997).

 In determining whether to stay a civil proceeding pending the outcome of a related criminal case, courts consider a number of factors, including (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Gala Enterprises, Inc., v. Hewlett Packard Co.,* No. 96 CV 4864, 1996 WL 732636, at *1, 1996 U.S. Dist. LEXIS 18867, at *4 (S.D.N.Y. Dec. 16, 1996); *Trustees of Plumbers Pension Fund v. Transworld Mech.,* 886 F.Supp. 1134, 1139 (S.D.N.Y.1995) (footnotes omitted). In general, " 'absent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff should be delayed in its efforts to diligently proceed to sustain its claim.' " *Transatlantic Reinsurance Co. v. Salvatore Ditrapani, Int'l,* No. 90 CV 3884, 1991 WL 12135, at *2, 1991 U.S. Dist. LEXIS 872, at *5 (S.D.N.Y. Jan. 28, 1991) (quoting *Paine, Webber, Jackson & Curtis Inc. v. Malon S. Andrus, Inc.,* 486 F.Supp. 1118, 1119 (S.D.N.Y.1980)).

### 1. Overlap of Issues

 The plaintiffs claim, among other things, that the City negligently hired and supervised Leslie by ignoring his alleged psychological problems before and during his employment as a police officer for the New York City Police Department. In the criminal action, Leslie is being prosecuted on two counts of murder in the second degree. Although the alleged wrongful conduct in the criminal and civil actions

are not identical, the Court finds that the findings and outcome of the criminal trial may affect the outcome of the civil case. Because the instant action and the criminal matter arise from the same underlying events, any evidence from the criminal action concerning Leslie's emotional or mental state during his employment on the police force could alter the City's liability in the present case. As such, the Court finds that this factor tips slightly in the City's favor.

## 2. Status of the Criminal Case

A court will generally stay a civil proceeding when a criminal investigation has ripened into an indictment against the proponent of a stay. *In re Par Pharmaceutical, Inc.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990). Indeed, the strongest argument for granting a stay is where a party is under criminal indictment because proceeding in related civil and criminal proceedings could (1) undermine a party's Fifth Amendment privilege against self-incrimination; (2) expose the basis of a party's criminal defense in advance of trial; or (3) otherwise prejudice the criminal or civil case. *Id.* at 13. In contrast, a court will generally deny a stay where no indictment has been issued against the proponent of the stay. *Id.*

Notably, Leslie is not the proponent of the stay. Rather, the City is moving for the stay but is not a party to the criminal trial. The City argues that there is no requirement that only a criminally indicted party may seek a stay of civil proceedings. In support of this argument, the City cites to *United States of America v. The Leasehold Interests in 118 Avenue D*, 754 F.Supp. 282 (E.D.N.Y.1990); *Trustees of Plumbers and Pipefitters National Pension Fund v. Transworld Mechanical, Inc.*, 886 F.Supp. 1134, 1139 (S.D.N.Y. 1995); and *Agran v. City of New York*, 1996 WL 263023, 1996 U.S. Dist. LEXIS 6699 (S.D.N.Y. May 16, 1996). The Court finds that the cases relied upon by the City are distinguishable from the present case.

In *Leasehold Interests,* the court granted the Government's motion for a stay of a civil forfeiture proceeding pending the resolution of a related federal criminal prosecution because, among other reasons, the Government made a particular showing of potential harm or prejudice to the related criminal trial in the event discovery requests were complied with. 754 F.Supp. at 288. Similarly, in *Agran,* the City defendant moved for a stay pending the outcome of a parallel criminal trial which involved one of two plaintiffs in a related civil action. The court granted the stay because compliance with the plaintiff's discovery requests would have potentially prejudiced the District Attorney's prosecution of the criminal proceedings. 1996 WL 263023, at *2, 1996 U.S. Dist. LEXIS 6699, at *8. In addition, because the court determined that a discovery request by the second plaintiff would serve as an impermissible vehicle for the plaintiff who had been criminally charged, the stay applied to both the plaintiffs. *Id.* Here, unlike in *Leasehold* and *Agran,* the City does not argue that the criminal action would be prejudiced absent a stay of the civil case.

Furthermore, in *Transworld,* the court granted a stay to two indicted defendants who moved for the stay and four corporate defendants who were not involved in the parallel criminal action because it was more efficient to grant a complete stay to all the defendants rather than only a partial stay. 886 F.Supp. at 1141. In this case, unlike the indicted defendants in *Transworld,* Leslie has not requested a stay. As such, this factor weighs in favor of the plaintiffs.

## 3. The Private and Public Interests

As stated above, unless the City can show that it will suffer undue

prejudice or its constitutional rights will be violated without a stay, the plaintiffs should not be delayed in their efforts to diligently proceed to sustain its claim. *Transatlantic Reinsurance Co. v. Salvatore Ditrapani, Int'l,* No. 90 CV 3884, 1991 WL 12135, at *2, 1991 U.S. Dist. LEXIS 872, *5 (S.D.N.Y. Jan. 28, 1991) (quoting *Paine, Webber, Jackson & Curtis Inc. v. Malon S. Andrus, Inc.,* 486 F.Supp. 1118, 1119 (S.D.N.Y.1980)). The City argues that a stay of the instant matter is necessary because it will be prejudiced without access to the documents compiled by the Suffolk County homicide investigation and prosecution. Nevertheless, the City does not adequately explain how it would suffer undue prejudice without the information from the criminal proceedings. Nor does the City explain why these documents are necessary to go forward with discovery. Because the primary issue in this case is whether the City was negligent in its hiring and supervisory procedures, the City should have access to Leslie's medical and personnel files to go forward with discovery. Thus, the Court finds that defendants will not be unduly prejudiced. Moreover, although a stay may streamline the scope of discovery, the plaintiffs have an interest in the expeditious resolution of this action.

 Furthermore, a court's interest is usually best served by discouraging motions to stay. *United States v. Private Sanitation Association of Nassau/Suffolk Inc., et al.,* 811 F.Supp. 802, 808 (E.D.N.Y. 1992). The instant action was commenced approximately nine months ago, and no discovery has yet been conducted. Discovery has already been stayed pending the outcome of the present motion. Courts have an interest in managing its cases and efficiently resolving litigation. *See Karimona Investments, LLC v. Weinreb,* No. 02 CV 1792, 2003 WL 941404, at *2, 2003

U.S. Dist. LEXIS 3324, at *13 (S.D.N.Y. Mar. 6, 2003). If the Court granted the present motion, it would needlessly delay resolution of this case. Thus, after careful examination of the interests at stake, the Court finds that the balance of the parties' divergent interests weighs in favor of the plaintiffs. Accordingly, the City's motion for a stay is denied.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the City's motion for a stay order in this section 1983 case is **DENIED;** and it is further

**ORDERED,** that the parties are directed to report to United States Magistrate Judge E. Thomas Boyle to set a schedule for discovery within 30 days of the date of this order.

**SO ORDERED.**