U.S. COMMODITY FUTURES
TRADING COMMISSION
Plaintiff,

v.

A.S. TEMPLETON GROUP, INC., Michael Vitebsky, and Boris Shuster, a/k/a Robert Shuster, Defendants, and

Chariot Consulting, Inc., Shuster, Shuster & Shuster, Ltd., and Winn Industries Division of Ontario, Limited

No. 03–CV–4999 (ILG).

United States District Court,
E.D. New York.

Dec. 23, 2003.

Beth R. Morgenstern, Sheila L. Marhamati, U.S. Commodity Futures Trading Commission, New York City, for Plaintiff

## MEMORANDUM & ORDER

GLASSER, District Judge.

These motions arise out of Plaintiff's action for injunctive and other relief brought pursuant to the Commodity Exchange Act, 7 U.S.C. § 13(a)–1 (2001). On October 1, 2003 the U.S. Commodity Futures Trading Commission ("CFTC" or "Plaintiff") filed a complaint against Defendants A.S. Templeton Group, Inc. ("AST"), Michael Vitebsky ("Vitebsky"), and Boris Shuster ("Shuster"), alleging that Defendants "fraudulently solicited and obtained approximately $10 million from more than 300 customers for the purpose of trading ... illegal off-exchange foreign currency futures contracts." (Compl.¶ 1.) According to the CFTC, Vitebsky is AST's

President and Treasurer and Shuster is a principal solicitor at AST. (Compl.¶¶ 13–14.) The CFTC is an independent federal regulatory agency that administers and enforces the provisions of the Currency Exchange Act, 7 U.S.C. § 1 *et seq.* (Compl.¶ 12.)

At or near the time Defendants received Plaintiff's complaint, they spoke with F.B.I. Special Agent Theodore V. Cacioppi who informed them that the F.B.I. was conducting an investigation into the activities of AST. (Wolf.Decl.¶ 3.) On or about October 28, 2003, Defendants Vitebsky and Shuster filed their answer, which reads, "Defendants Michael Vitebsky and Boris Shuster a/k/a Robert Shuster ... hereby appear in this proceeding and in all other respects assert their privileges under the Fifth Amendment of the United States Constitution." (¶ 1.) The following month, Defendants filed an amended answer that added several affirmative defenses to the language contained in the first answer.

Plaintiff now moves the Court to strike Defendants' answer or, alternatively, to require Defendants to amend their answer so as to properly respond to Plaintiff's Complaint. Defendants move for a stay of proceedings and/or a protective order pending the resolution of any related criminal prosecution of them, if filed. For the following reasons, Plaintiff's motion should be granted in limited part; Defendants' motion should be denied.

## DISCUSSION

*Motion to Strike*

Federal Rule of Civil Procedure 12(f) allows the court upon a proper motion or its own initiative to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Plaintiff claims

that Defendant's Answer should be stricken because it is legally insufficient and because it does not meet the requirements for a proper answer under Fed.R.Civ.P. 8.

■ In order to prevail on a motion to strike a defense for legal insufficiency, a plaintiff must show that (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense. *Securities and Exchange Commission v. McCaskey,* 56 F.Supp.2d 323, 326 (S.D.N.Y.1999). The Second Circuit has cautioned about the use of the motion to strike:

> A motion to strike an affirmative defense under Rule 12(f), Fed.R.Civ.P. for legal insufficiency is not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense. Moreover, even when the facts are not disputed, several courts have noted that a motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law. This is particularly so when, as here, there has been no significant discovery.

*Salcer v. Envicon Equities Corp.,* 744 F.2d 935, 939 (2d Cir.1984), *vacated on other grounds,* 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986) (holding that district court erred in striking affirmative defenses where further facts were needed to resolve the issue in the case).

■ In their answer Defendants assert their Fifth Amendment privilege, claiming that responding to Plaintiff's allegations could result in self-incrimination. Nothing bars the Defendants from asserting this defense in their answer, "as to any matter which they believe in good faith is covered by the privilege." *Beth Israel Medical Center v. Smith,* 576 F.Supp. 1061, 1072 (S.D.N.Y.1983) (holding that defendants must file an answer and decide whether and to what extent it wishes to assert the privilege). The Defendants' use of the privilege presents a substantial question of law on which Defendants may succeed if they can prove certain facts. As such, Plaintiff's motion to strike Defendants' answer as legally insufficient is denied.

Nevertheless, although no technical forms of pleading are required by the Federal Rules of Civil Procedure, "all averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances." Fed.R.Civ.P. 10(b). In *In re Livent, Inc. Noteholders Securities Litigation,* 151 F.Supp.2d 371, 443–444 (S.D.N.Y.2001), the defendants made a "blanket assertion of the privilege" in their answers to the plaintiffs' complaint. The court wrote:

> Plainly, both [defendants] have good reason to seek the protections of the Fifth Amendment, as a criminal investigation based on the very conduct alleged here is currently pending in this District.... It would not unduly burden defendants to parse through the complaint, however, ... to determine the validity and necessity of defendants' asserting the Fifth Amendment privilege with respect to each individual allegation. The motion to strike the answer is therefore granted.

*Id.* at 444; *see also Porto Transport v. Consolidated Diesel Elec Corp.,* 19 F.R.D. 256, 257–58 (S.D.N.Y.1956) (treating a motion to strike portions of an answer not drawn in conformity with Rules 8(e) and 10(b) as a motion to compel the separate statement of certain defenses); *Wright & Miller,* § 1380 at 646.

■ Like the defendants in *In re Livent*, the Defendants here have asserted a blanket privilege to the sixty-five allegations included in Plaintiff's complaint. Because it would not unduly burden them to respond to each allegation individually, Defendants should file an amended answer to Plaintiff's complaint within twenty days of the date of the Court's order.[1]

### Motion for Stay

Defendants request that this Court stay all testimonial discovery in this case pending the the expiration of the statute of limitations for every crime for which Defendants could be indicted based on the illegal conduct giving rise to this action or the resolution of any related criminal prosecution of Defendants, if filed. Defendants fear that evidence obtained in this civil case could be used against them in a criminal prosecution and that they will be subject to an adverse inference if they continue to assert their Fifth Amendment privilege in this civil action. (Wolf. Decl. in Support ¶ 11.)

■ Even where there are parallel criminal and civil proceedings, a defendant has no constitutional right to a stay pending the outcome of a related criminal case. *Arden Way Associates v. Boesky*, 660 F.Supp. 1494, 1496 (S.D.N.Y.1987). The need to proceed with the civil action may be strong, especially where a government agency acts in the role of a civil litigant. *See* Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (1989). The Supreme Court recognized the agency's position in *United States v. Kordel*, 397 U.S. 1, 11, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970), stating that, "[i]t would stultify enforcement of federal law to require a governmental agency such as the [Food and Drug Administration] invariably to choose either to forgo recommendation of a criminal prosecution once it seeks civil relief, or to defer civil proceedings pending the ultimate outcome of a criminal trial." Of course, a government agency may not bring a civil action solely to obtain evidence for its criminal prosecution. *See id.* at 11–12, 90 S.Ct. 763; *United States v. Coven*, 662 F.2d. 162, 169 (2d Cir.1981) ("no evidence that the government used civil discovery mechanisms or otherwise duped appellants into producing incriminating evidence by representing falsely that it was exploring a civil matter.")

In the securities context, in particular, "laws provide for both civil and criminal enforcement, and Commission enforcement investigations often precede, or occur concurrently with, enforcement activity by the Department of Justice as well as other federal and state agencies." Alvin K. Hellerstein and Gary P. Naftalis, *Private Civil Actions and Concurrent or Subsequent Regulatory or Criminal Proceedings*, SG046 ALI–ABA 903, 939 (2001). The D.C. Circuit recognized this as well in determining that "[e]ffective enforcement of the securities laws requires that the SEC and [Department of Justice] be able to investigate possible violations simultaneously." *SEC v. Dresser Indus. Inc.*, 628 F.2d 1368, 1377 (D.C.Cir.1980).

Furthermore, Defendants have not been indicted or subpoenaed by a grand jury at this time. Pre-indictment requests for a stay of civil proceedings are generally denied. *United States v. Private Sanitation Industry Association [Private Sanitation]*, 811 F.Supp. 802, 805 (E.D.N.Y.1992) (Glasser, J.). Cases cited by the Defendants for the proposition that a pre-indictment stay is warranted are factually distinguishable. *See United States v. Certain*

---

**1.** In fact, Defendants have included as Exhibit D to the Wolf Declaration a proposed amended answer that responds to each allegation individually.

*Real Property Known as 1344 Ridge Road,* 751 F.Supp. 1060, 1063 (E.D.N.Y. 1989) (one of two claimants had already been indicted); *Brock v. Tolkow,* 109 F.R.D. 116 (E.D.N.Y.1985) (grand jury indictments had been served on the defendants); *Securities and Exchange Commission v. Control Metals Corp.,* 57 F.R.D. 56 (S.D.N.Y.1972) (grand jury proceeding was pending and an indictment was "confidently expected"); *Kashi v. Gratsos,* 790 F.2d 1050 (affirming lower court's stay of civil proceeding); *Securities and Exchange Commission v. Downe,* 1993 WL 22126, at *11 (S.D.N.Y.1993) (stay of civil proceedings sought by *government,* not defendant, because of concern that defendant might obtain material in civil discovery otherwise unavailable to him in criminal discovery).

■ A court may balance the following factors to determine whether a stay is justified pending resolution of a parallel criminal proceeding:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of an burden on the defendant; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest.

*Id.* at 1496–97. The alleged victims of Defendants' actions and the public at large have a strong interest in a speedy resolution of this civil action. *Brock,* 109 F.R.D. at 120 (danger to the public interest would include "dissemination of false or misleading information by companies to members of the investing public"); *Ridge Road,* 751 F.Supp. at 1062 (stay not appropriate in "a civil enforcement action brought by a federal regulatory agency entrusted with the protection of consumers, investors, or other broad segments of the population, whose welfare could be jeopardized by de-ferral of the action"); *SEC v. Gilbert,* 79 F.R.D. 683, 686 (S.D.N.Y.1978) ("curtailment of [this civil action] would be indefensible in a context where, as here, a federal agency has been specifically charged to protect the public through enforcement actions").

The Defendants have allegedly obtained $10 million from more than 300 customers through fraudulent solicitation in the sale of illegal off-exchange futures contracts. The CFTC, an independent federal regulatory agency charged with protecting the integrity of certain financial markets, is enforcing the Commodity Exchange Act in an attempt to provide restitution to some of the individuals allegedly defrauded by Defendants. "We do not deal here with a case where the Government has brought a civil action solely to obtain evidence for its criminal prosecution." *Kordel,* 397 U.S. at 12–13, 90 S.Ct. 763. To paraphrase the D.C. Circuit Court of Appeals, the CFTC cannot wait for the Department of Justice to complete the criminal proceeding if it is to obtain the necessary prompt civil remedy. *Dresser,* 628 F.2d at 1377.

Defendants' countervailing interest in avoiding the use of their Fifth Amendment privilege is minimal at this time because any parallel criminal proceeding is purely speculative. *See Private Sanitation,* 811 F.Supp. at 807. Although the invocation of the privilege in this case may lead to an adverse inference, "this consequence is not unprecedented," nor is it unconstitutional. *See id.* at 807–808.

Finally, the courts have an interest in seeing civil actions proceed even where a criminal investigation is ongoing:

> [C]onvenience of the courts is best served when motions to stay proceedings are discouraged. The courts must be mindful that "a policy of issuing stays solely because a litigant is defending simultaneous lawsuits would threaten to

become a constant source of delay and an interference with judicial administration."

*Id.* at 808 (quoting *Arden Way*, 660 F.Supp. at 1497). A balancing of these criteria, along with the early posture of any criminal investigation, leads to the conclusion that Defendants' motion for a stay is denied.

## CONCLUSION

For all the foregoing reasons, Plaintiff's motion to strike is granted. Defendants shall file an amended answer responding separately to each allegation of the Plaintiff's complaint within twenty (20) days of the date of this order. Defendants' motion for stay of discovery is denied.

SO ORDERED.