**KALALA LEULUA`I, Plaintiff,**

**v.**

**PETE IETI GALEA`I, Defendant.**

High Court of American Samoa
Trial Division

CA No. 86-04

May 9, 2005

Before RICHMOND, Associate Justice; SAGAPOLUTELE, Associate Judge; and TAPOPO, Associate Judge.

Counsel: For Plaintiff, David M. Wagner
For Defendant, David P. Vargas

ORDER GRANTING MOTION FOR STAY OF DISCOVERY

### Introduction

On September 14, 2004, Plaintiff Kalala Leulua`i filed this civil action for assault and battery, with applications for a temporary restraining order and a preliminary injunction, against Defendant Pete Ieti Galea`i

for alleged incidents of domestic violence on or about September 7, 2004. On September 13, 2004, felony criminal charges were filed in the District Court against Defendant arising from this incident. The criminal prosecution, *American Samoa Gov't. v. Galea`i*, CR No. 53-04, is now pending in this court. On October 7, 2004, Defendant filed his first set of interrogatories to Plaintiff. Plaintiff now requests that we stay all discovery in this civil action pending resolution of the criminal action. For the reasons below, we grant Plaintiff's motion.

## Discussion

■ It is well-settled that a court has discretionary authority to grant a stay in a case if the interests of justice so require. *See United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986). Courts can exercise this discretion to prevent impairment of a criminal defendant's Fifth Amendment privilege against self-incrimination, extension of criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b),[1] exposure of the defense's theory to the prosecution in advance of trial, or otherwise prejudice a criminal prosecution. *See In re Par Pharmaceutical, Inc.*, 133 F.R.D. 12, 13 (S.D.N.Y.1990); *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y.1985).

■ The factors a court must consider in determining whether to grant a stay include: 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendant has been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on the defendant; 5) the interest of the court; and 6) the public interest. *See Sidari v. Orleans County*, 180 F.R.D. 226, 229 (W.D.N.Y. 1997); *Arden Way Associates v. Boesky*, 660 F. Supp. 1494 (S.D.N.Y. 1987); *Golden Quality Ice Cream Co. v. Deerfield Specialty*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

■ In the present case, we conclude that the factors weigh in favor of granting the stay on discovery in the civil action pending the criminal proceedings. First, were this civil action only incidentally related to the events giving rise to the criminal charges, we would be hesitant to find need to delay discovery in the former until the completion of the latter. However, because the alleged facts and circumstances of both the civil litigation and criminal prosecution are essentially identical, and that criminal proceedings are already underway, the overlap of issues and

---

[1] The territorial counterpart of this federal rule is set forth in T.C.R.Cr.P. 16.

status of the criminal case leans in favor of granting a stay. Because, as Plaintiff and Defendant both observe, a Fifth Amendment privilege may be asserted in non-criminal cases in order to safeguard the right not to be compelled in any criminal case to be a witness against oneself, by granting a stay, we avoid a civil discovery situation in which Plaintiff will be compelled to disclose requested discovery to Defendant, while Defendant, concerned with pending criminal charges, will withhold disclosure by asserting his Fifth Amendment protections to Plaintiff's simultaneous discovery requests. *See, e.g, Chavez v. Martinez*, 538 U.S. 760, 772 (2003).

Second, although granting a stay of discovery may typically impede upon a plaintiff's right to expeditiously pursue his or her case, the fact that Plaintiff herself seeks to delay the proceedings demonstrates that a discovery stay would be in line with Plaintiff's litigation strategy, rather than undermining it. Likewise, the stay would be beneficial, and not prejudicial, to Defendant. In *Golden Quality*, the court noted that when facing simultaneous criminal and civil charges, a Defendant may face intensive discovery in his civil case that will divert valuable resources from the defense of the criminal action. 87 F.R.D. at 56. While we acknowledge that much of the discovery and preparation for each case may be similar, by delaying civil discovery demands, Defendant stands only to gain in that he will be greater able to focus on the criminal charges before him.

Third, with regard to the interests of the court, a court has a responsibility to control the disposition of the cases on its docket with economy of time and effort. *Id.* at 57; *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). We are satisfied, however, that by delaying discovery at this time, competing pressures from other cases on our docket will not interfere in any way with our ability to deal speedily with questions of law and fact presented in this case once discovery resumes.

Finally, as this is a matter in which the outcome of the litigation primarily affects the litigants themselves, without impacting the rights or interests of third parties or the general public, we do not find sufficient prejudice to other private interests or the public interest to justify denial of Plaintiff's motion for stay of discovery.

### Order

After considering the discretionary factors relating to Plaintiff's motion, we now stay all discovery in this action pending resolution of *American Samoa Gov't. v. Galea`i*, CR No. 53-04, or until further order of the court. It is so ordered.